357 So.2d 1285 (1978)
Austin J. PATIN, Plaintiff-Appellee,
v.
Dennis RICHARD, Defendant-Appellant.
No. 6407.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1978.
*1286 Jules E. Guglielmo, Jr., Lake Charles, for defendant-appellant.
Jones, Jones & Alexander by Glenn W. Alexander, Cameron, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Defendant appeals from an order which grants a preliminary injunction restraining him from interfering with plaintiff's exercise of a servitude of passage over his property as recognized by a previous judgment of this Court.
The facts giving rise to this dispute may be summarized as follows:
Plaintiff and defendant are owners of adjoining campsites in Cameron Parish, Louisiana, both properties being located on a strip of land situated between La. Hwy. 82 (Johnson's Bayou Road) and the Gulf of Mexico. This strip of land is divided into three lots. Plaintiff's camp occupies the southernmost lot, being bounded on the south by the Gulf of Mexico and on the north by defendant's property. Defendant's camp, which occupies the middle lot, is bounded on the south by plaintiff's property and on the north by the property of Mr. Harold Savoie. Mr. Savoie, the owner of the northernmost lot (situated adjacent to La. Hwy. 82), was not made a party to these proceedings. Plaintiff in the past, has gained access to his camp from La. Hwy. 82 by traveling over the westernmost portions of the properties owned by Mr. Savoie and defendant. Defendant has enjoyed similar privileges, gaining access to his camp by traversing the westernmost portion of Mr. Savoie's property.
Following a dispute between these parties, plaintiff, in June of 1972 filed suit asking that he be granted a right of passage across defendant's property. After an appeal from the trial court, judgment was rendered by this Court "recognizing a servitude of passage along the west twelve feet of defendant's property as hereinabove described". See Patin v. Richard, 291 So.2d 879 (La.App. 3rd Cir. 1974).
The instant suit was filed by plaintiff on June 2, 1977 by way of a pleading styled "CONTEMPT RULE". Plaintiff sets forth the judgment previously rendered between these parties, supra, and alleges that defendant has willfully and intentionally violated the prior judgment by performing certain excavations on the property over which the servitude of passage exists, which have the effect of prohibiting the exercise of said servitude by plaintiff. Plaintiff's main complaint concerns a drainage ditch which was dug across the servitude right-of-way around July of 1976 which allegedly at one time measured 18 inches wide and 16 inches deep. Plaintiff requested the following relief:
(1) An adjudication that defendant is guilty of contempt of court.
(2) $5,000.00 damages for deprivation of the use of his property since July of 1976.
(3) Reasonable attorney's fees incurred in the prosecution of this rule.
(4) A preliminary writ of injunction "enjoining, restraining, and prohibiting the said Dennis S. Richard from excavating, digging up, destroying or in any manner whatsoever interfering with plaintiff in rule's, (sic) Austin J. Patin, (sic) exercise of the servitude of passage along the West 12 feet of defendant's property".
Defendant was ordered to show cause on June 9, 1977 why he should not be adjudged *1287 guilty of contempt and why a preliminary writ of injunction should not issue.
An answer and reconventional demand was filed by defendant on June 9, 1977. A hearing was held that same day, which was restricted by the trial judge to consideration of the rule for contempt and the rule for issuance of a preliminary injunction. The following decree was rendered by the trial court:
"IT IS ORDERED that the Rule for Contempt filed herein by Austin J. Patin be, and it is hereby dismissed.
IT IS FURTHER ORDERED that the Rule for a Preliminary Writ of Injunction filed herein by Austin J. Patin be, and it is hereby made absolute and, accordingly, IT IS ORDERED that a preliminary writ of injunction issue herein enjoining, restraining and prohibiting Dennis S. Richard from digging up, excavating or in any manner whatsoever interfering with whatever rights plaintiff, Austin J. Patin, may be entitled under the Judgment in this proceeding previously rendered herein on March 3, 1975; the said preliminary writ of injunction to issue herein upon plaintiff furnishing bond in the amount of FIVE HUNDRED DOLLARS ($500) in accordance with law."
The above judgment was read and signed on July 15, 1977 and was filed on July 22, 1977.
Plaintiff, on July 22, 1977 filed a pleading styled "SUPPLEMENTAL AND AMENDING PETITION FOR INJUNCTIVE RELIEF AND CONTEMPT RULE" in which he reiterated his previous demands and requested the issuance of a permanent writ of injunction in the same form and containing the same terms and conditions as the preliminary writ of injunction. A prayer, which had been omitted from the earlier pleading, was contained in plaintiff's petition.
Defendant, on July 29, 1977 filed a pleading styled "DILATORY EXCEPTIONS" in which the following exceptions were plead:
(1) Improper cumulation of actions,
(2) Nonconformity of plaintiff's pleadings to the requirements of LSA-C.C.P. art. 891 in that the original pleading does not contain a prayer, and
(3) Unauthorized use of summary proceedings.
In brief, plaintiff-appellant alleges that the trial court erred:
(1) In granting a preliminary injunction while refusing to allow evidence of irreparable injury;
(2) In refusing to separate the actions;
(3) In allowing the improper use of summary proceedings;
(4) In refusing to specify the contents of the injunction in reasonable detail and referring to other documents for its prohibitions; and,
(5) In refusing to set bond for the injunction at more than $500.00.
Appellant's contentions with regard to the improper use of summary proceedings and the trial court's refusal to separate the actions are without merit in that these dilatory exceptions have been waived as they were not pleaded prior to the rendition of the judgment appealed from. In any event, we fail to see how defendant was prejudiced with regard to the cumulation of actions as we note that the trial judge, at the hearing on June 9, 1977, heard only matters concerning the rule for contempt and the injunction.
Appellant's contention that the trial court erred in refusing to allow evidence of irreparable injury must be rejected. An injunction under the provisions of LSA-C. C.P. art. 3663(2) is available to plaintiff under these circumstances without a showing of irreparable injury. Elliott v. Louisiana Intrastate Gas Corporation, 336 So.2d 925 (La.App. 3rd Cir. 1976).
We likewise reject appellant's contention that the injunction fails to specify the acts sought to be prohibited, contrary to the requirements of LSA-C.C.P. art. 3605. This article provides as follows:

"An order granting either a preliminary or a final injunction or a temporary restraining *1288 order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise."

We cannot say that the order granting the injunction, supra, fails to apprise defendant of the acts sought to be restrained. The order plainly enjoins defendant from engaging in any activity or erecting any work which will in any manner interfere with or prevent plaintiff from exercising his servitude of passage.
Defendant also complains that an injunction should not have issued against defendant when it was actually defendant's wife who performed the act which interfered with plaintiff's servitude of passage. This contention is without merit as the record indicates that Mrs. Richard's actions were done with defendant's implied consent.
Finally, appellant contends that the trial court erred in setting bond for the issuance of the injunction at $500.00, suggesting that a figure of $1,500.00 would be more appropriate under the circumstances. This contention is also without merit. The sufficiency of the bond addresses itself to the discretion of the court. Glidden v. Loe, 192 So.2d 633 (La.App. 2nd Cir. 1966); Robinson v. Morris, 272 So.2d 444 (La.App. 2nd Cir. 1973). The record discloses no abuse of discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by defendant-appellant.
AFFIRMED.