JASPER E. JONES, Judge.
Defendant, Felix Bennett, appeals a judgment granting a permanent injunction prohibiting him from fencing a certain right-of-way on the property of Marvin Col-vin, plaintiff herein. The injunction further ordered him to remove a fence earlier constructed by him on the right-of-way. We affirm.
Plaintiff is the owner of a farm in Rich-land Parish, and about one month before this action was instituted he had granted defendant a 30-foot servitude of passage across his property. Plaintiff had granted defendant the right-of-way following a suit instituted by defendant wherein defendant sought the right-of-way in order to get access from his property to a public road. Defendant later built a four-strand barbed wire fence along the north side of the right-of-way. This fence prevented plaintiff from getting his farm implements to and from one of his cotton fields. Defendant contended he built the fence to prevent plaintiff from damaging with a disc, backhoe, and other farm equipment the surface of the road which he had constructed on the right-of-way. The evidence does not establish that plaintiff did any substantial damage to the roadway with his equipment following plaintiff’s grant of the servitude to defendant.
Plaintiff sued for a temporary restraining order, a preliminary injunction and a permanent injunction. The trial court issued the TRO restraining defendant from using the right-of-way other than as a servitude of passage and prohibited defendant from fencing the right-of-way. Included within the TRO was a provision authorizing plaintiff to take down the existing fence “only as necessary to allow petitioner passage through said fence with his agricultural equipment.”
Defendant filed exceptions of no cause and no right of action and answered plaintiff’s petition denying that plaintiff was entitled to the preliminary injunction and the permanent injunction. The defendant filed a motion to dissolve the TRO and claimed damages based upon a contention that the TRO had been wrongfully issued.
The TRO had initially been signed May 2, 1980 and the hearing on the preliminary injunction was set for May 12, 1980. On May 9, 1980 appellant filed a motion to continue the hearing on the preliminary injunction from May 12 because of a previous scheduled trial which conflicted with that date. An order was signed extending the TRO to May 30 and setting the hearing for the preliminary injunction on that date. There is a minute entry contained in the record which reflects that at the time the hearing on the preliminary injunction came to be had on May 30 the attorneys representing plaintiff and defendant “stipulated that trial be had on the permanent injunction and the merits.” The preamble of the formal judgment rendered herein on May 30, which was signed June 5,1980, set forth the following reference to the stipulation:
*883 “It was stipulated that a trial on the plaintiff’s application for a permanent injunction be held at the same time and consolidated with the hearing on this application for preliminary injunction. That the judgment rendered herein on plaintiff's application for a preliminary injunction be made the final judgment herein on the application for permanent injunction.” (our emphasis)
The trial judge overruled defendant’s exception of no cause and no right of action. The judgment contained a permanent injunction restraining defendant from fencing said right-of-way or doing any other acts restricting the use of the right-of-way, but the judgment specifically provided that defendant was unrestricted in the use of the right-of-way as a servitude of passage. The judgment ordered defendant to remove the fence earlier constructed on the right-of-way.
Defendant on appeal assigns the following errors:
1. The trial court erred in granting a mandatory temporary injunction without a hearing.
2. The trial court erred in denying appellant’s motion to dissolve the temporary mandatory injunction and denying appellant damages for its wrongful issuance.
3. The trial court erred in misconstruing the stipulation between counsel as to the mode of trial to be had.
4. The trial court erred in holding that appellee did not have to prove irreparable injury.
5. The trial court erred in granting ap-pellee preliminary and permanent injunction.

Assignment of Errors 1, 2, and S

There is no appeal from an order granting a TRO. LSA-C.C.P. art. 3612. The appeal here taken is from the judgment granting the permanent injunction. For these reasons we shall not consider appellant’s assignment of error # 1 concerning the error of the trial court in granting the TRO. In the second assignment of error defendant complains of the failure of the trial court to dissolve the TRO and award him damages for its wrongful issuance. There was no hearing held on the motion to dissolve the TRO. The TRO was extended from May 12 to May 30 because defendant required a continuance on the hearing on the preliminary injunction from the May 12 date. Defendant made no effort to get the motion to dissolve tried in the interim between May 12 and May 30. The TRO expired by its own terms on May 30, the date the hearing was held on the permanent injunction. Appellant stipulated that the trial was to be held on the permanent injunction. This is reflected in the quote from the stipulation in the minutes as set forth above and as further reflected in the preamble of the formal judgment quoted above.
Appellant quotes with approval the last three lines of the stipulation contained in the judgment in his brief and does not therein assert any contention that the stipulation between the parties was other than set forth in the preamble of the judgment. He contends that the stipulation contemplates a trial of his motion to dissolve the TRO and a trial of the right of plaintiff to the preliminary injunction. He contends the stipulation provides that plaintiff shall be entitled to the permanent injunction only if he first establishes he is entitled to the preliminary injunction. Defendant erroneously believes that plaintiff must first establish irreparable harm to obtain the preliminary injunction protecting his real right[1] but acknowledges in brief that the irreparable harm is not a prerequisite to obtaining the permanent injunction. Because of this erroneous notion defendant seeks to have the stipulation construed to require plaintiff to establish a right to the preliminary injunction before he is entitled to the permanent injunction. There is no evidence in the record of irreparable harm.
*884 A review of the stipulation establishes that the parties at the time the stipulation was entered into did not contemplate that the trial was to involve the motion to dissolve the TRO nor the damages which defendant sought in connection with the motion. The stipulation is clear and unambiguous and limited the issue to be tried to plaintiff’s right to the permanent injunction. The TRO expired by its own terms on the date of the hearing. The motion to dissolve was not tried and the trial court did not rule upon it. Appellant cannot now be heard to complain that the trial court erred in denying his motion to dissolve the TRO or award him damages for its wrongful issuance.

Assignment of Errors ‡‡ 4 and 5

Appellant vigorously contends that he should have been permitted to introduce evidence during the trial to establish that the fence placed upon the right-of-way caused plaintiff no irreparable harm and for this reason plaintiff was not entitled to the TRO nor to the preliminary injunction nor the permanent injunction. While evidence of absence of irreparable harm would have been relevant on the motion to dissolve, see LSA-C.C.P. art. 3603, because the stipulation excluded this issue from the case the trial judge was correct in refusing to hear evidence on the absence of irreparable harm as it may have related to the TRO.
Plaintiff owned the property upon which appellant was granted the servitude of passage. He is here seeking to protect his real right of use of the area subject to the right-of-way and for this reason his cause of action is governed by LSA-C.C.P. art. 3663(2), which provides:

Injunctive relief, under the applicable provisions of Chapter 2 of Title 1 of Book VII, to protect or restore possession of immovable property or of a real right, is available to:

(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment.”
Plaintiff is not required to establish irreparable injury in order to obtain the in-junctive relief provided for in LSA-C.C.P. art. 3663(2). See Patin v. Richard, 357 So.2d 1285 (La.App.3d Cir. 1978); Elliott v. Louisiana Intrastate Gas Corporation, 336 So.2d 925 (La.App.3d Cir. 1976); Moorhead v. State, Department of Highways, 322 So.2d 330 (La.App.2d Cir. 1975); Ryan v. Pekinto, 387 So.2d 1325 (La.App.1st Cir. 1980); and Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979).
Plaintiff was seeking the injunction to protect a real right and for this reason the trial judge was correct in holding that evidence of an absence of irreparable harm was irrelevant and inadmissible.
The evidence established that defendant’s action in constructing the fence was interfering with plaintiff’s use of the area within the right-of-way as access to his cotton field and he was entitled to have the disturbance of the use of his land enjoined.
Judgment is AFFIRMED at appellant’s cost.

. Plaintiff would not have been required to establish irreparable injury to obtain a preliminary injunction to protect his real right. See discussion under assignment of errors # 4 and 5 and code article and cases therein cited.