REDMANN, Chief Judge.
Appellant in person moved on June 27, 1983 (on the basis that appellant’s counsel had withdrawn as counsel of record, by motion in the district court and order signed by the district judge on April 18, 1983) to reinstate an appeal this court had dismissed under Rule 2-8.6 on April 20, 1983. Rule 2-8.6 reads:
“Abandonment of Appeal. If an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be mailed by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is mailed, the appeal shall be dismissed as abandoned.”
Under Rule 2-12.7, appellant’s brief was due on February 25, 1983 and appellant’s counsel of record was-so notified. When appellant’s brief was not filed by that date (plus a few days in ease it was in the mail to this court), appellant’s counsel of record was notified by letter of March 2,1983 that the appeal would be dismissed under Rule 2-8.6 unless appellant’s brief was received by April 1, 1983. Appellant did not file a brief by then and on April 8 opposing counsel moved dismissal under the Rule, sending a copy of the motion to appellant’s counsel of record. In accordance with this court’s internal rule of waiting ten days after a motion is filed in order that opposing counsel might file an opposition if he or she desires, the clerk waited ten days, during which no opposition was filed, and then on April 20 dismissed the appeal (and the clerk *264 sent a copy of the dismissal to appellant’s counsel of record).
Even if we were to adopt the impractical position that appellant’s counsel’s withdrawal in the district court would terminate his status as counsel of record in the court of appeal, and therefore consider appellant’s motion to reinstate (or for rehearing) as timely on the theory that C.C.P. 2166’s 30-day period for applying for rehearing never started to run (because our notice went to “withdrawn” counsel rather than to appellant personally, see Rule 2-17.1), we cannot reinstate this appeal. This appeal was properly dismissed under rule 2-8.6.
Rule 2-8.6 merely sets a time by which an appellant is obliged to make his argument by written brief to this court and then, if that first time is not met, the rule provides that the court notifies the appellant that his or her appeal will be dismissed if the brief is not filed by a specified date 30 days after the notice. If the brief is still not filed, the rule provides that the appeal “shall” be dismissed.
If appellant’s counsel was supposed to have filed a brief for appellant or owed some other duty to appellant that he did not perform, appellant may complain against him, but that does not oblige other litigants to wait forever, never knowing whether a lawsuit is over. Rule 2-8.6 and the Code of Civil Procedure, art. 2165, are designed to protect other litigants from unending delay. It is a reasonable rule, both in itself and in its application in this case.
Motion denied.