ALFORD, Judge.
Plaintiffs-appellees, Keith B. Nordyke, et al., filed a motion to dismiss the appeal of defendants-appellants, Continental Service Life & Health Insurance Co., et al. Grounds for dismissal urged by appellees are abandonment, failure to serve appellants’ brief on counsel for appellees, and failure of appellants to file their brief through counsel of record.
Judgment was rendered in this action in the lower court on March 9, 1984, and was read and signed on March 22, 1984. Following defendants’ motion, a devolutive appeal was entered on March 22, 1984.
The record was lodged with this court on July 10, 1984. On July 25, 1984, defendants-appellants filed a motion for extension of time within which to file their brief. This court on July 25, 1984, granted an initial extension, allowing appellants to file their brief on or before August 23, 1984. Subsequently, another extension of the time for filing the appellants’ brief was granted, on motion of appellants, by this court on August 23, 1984, extending the period through September 4, 1984.
Upon the failure of the appellants to file a brief within the times provided in the Uniform Rules of the Courts of Appeal,[1] the clerk of this court issued notice pursuant to Rule 2-8.6[2] by letter dated and mailed September 6, 1984, to counsel for appellants that the appeal would be dismissed thirty days from date unless a brief was filed within that thirty days. Appellants did not file their brief until 5:26 p.m. on October 9, 1984.
Thirty days from September 6, 1984 (date of our clerk’s letter to appellants’ counsel) would expire on October 6, 1984, a Saturday. Accordingly, it would appear that the appellants’ brief could have been filed no later than October 8, 1984, the following Monday. Therefore, the filing of appellants’ brief on October 9, 1984, was clearly late.
In Talley v. Hughes, 438 So.2d 263, 264 (La.App. 4th Cir.1983), the court discussed Rule 2-8.6 as follows:
Rule 2-8.6 merely sets a time by which an appellant is obliged to make his argu *37 ment by written brief to this court and then, if that first time is not met, the rule provides that the court notifies the appellant that his or her appeal will be dismissed if the brief is not filed by a specified date 30 days after the notice. If the brief is still not filed, the rule provides that the appeal “shall” be dismissed. (emphasis added)
Rule 2-8.6 is mandatory in its requirement that appeals shall be dismissed if the rule is not met. The rule was not met in this case and, therefore, this court has no alternative but to consider the appeal abandoned. Because of our decision on this issue, we find it unnecessary to address appellees’ other grounds for dismissal.
MOTION GRANTED.

. Rules 2-12.7 and 2-12.8 provide, respectively: 2-12.7 Time to File. The brief of the appellant shall be filed not later than 25 calendar days after the filing of the record in the court and the brief of the appellees shall be filed not later than 45 calendar days after the filing of the record in the court. The reply brief, if any, of the appellant shall be filed not later than 10 calendar days after the appellee's brief is filed. In the case of a timely order of appeal being obtained by a litigant subsequent to an earlier order of appeal obtained by a different litigant, the brief on behalf of the litigant whose order of appeal bears the earlier date shall be due in point of time under the provisions of the appropriate rule regarding the appellant. The brief on behalf of the litigant whose order of appeal bears the later date shall be due in point of time under the provisions of the appropriate rule regarding the appellee.
2-12.7 Extension of Time. An extension of time within which to file the brief may be granted by the court for good cause shown on written motion filed with the clerk of this court on or before the date the brief was due. If an extension of time is granted to the appellant to file the original brief, a commensurate time is extended to the appellee without the necessity of a motion or request by the appellee. An extension of time may not be granted if such extension will retard the hearing or determination of the case.

. Rule 2-8.6 provides:
2-8.6 Abandonment of Appeal. If an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be mailed by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is mailed, the appeal shall be dismissed as abandoned.
See also, LSA C.C.P. art. 2165, which provides:
Art. 2165. Appeals deemed abandoned
An appeal is abandoned when the parties fail to take any steps in its prosecution or disposition for the period provided in the rules of the appellate court.