(On Second Application for Rehearing)
LPLOTKIN, J.
On application for rehearing, intervenor Audubon Street Association asserts that this court improperly granted a preliminary injunction in favor of plaintiff James V. St. Raymond, enjoining defendant City of New Orleans from enforcing a Stop Work order preventing the completion of construction of three townhouses on property located at 1400-1404 Audubon Street. For the reasons explained below, we deny Audubon Street Association’s application for rehearing.
Audubon Street Association raises three issues in support of its application — one procedural issue and two factual issues. The factual issues need not be addressed in detail as they do not affect this court’s pivotal finding that the City of New Orleans violated Mr. St. Raymond’s vested property rights when it arbitrarily sought to revoke his building permit despite the fact he had incurred substantial expense in reliance on the permit. See Dunn v. Jefferson Parish, 256 So.2d 664 (La.App. 4 Cir.), writ denied, 260 La. 1137, 258 So.2d 382 (1972). The record evidence supports *32 this finding, despite the fact that the building had not been bricked in at the time the second Stop Work order was issued, and regardless of the source of the exact statements concerning the “concrete work” performed on the property prior to the date it was to expire on its face.
12As to the procedural issue, Audubon Street Association asserts — and Mr. St. Raymond admits — that the property had been transferred to St. Raymond Development, L.L.C., on March 11, 1999, prior to the filing of the application for preliminary injunction on June 18, 1999. Thus, Audubon Street Association claims, Mr. St. Raymond has no right of action in this case. However, Audubon Street Association, which has been aware of this issue at least since March 16, 2000, when it filed its application for rehearing, has not filed a formal exception of no right of action. Moreover, Mr. St. Raymond has filed a motion to amend his petition to make St. Raymond Development, L.L.C., a plaintiff in this case. Although La. C.C.P. art. 927 allows this court to notice the exception of no right of action on its own motion, we decline to do so under the circumstances of this case. The lengthy history of the litigation itself, as well as the interests of justice and judicial efficiency, require instead that this court grant the motion to amend, as allowed by La. C.C.P. arts. 1155 and 2164. Considering the fact that Mr. St. Raymond is the sole shareholder of St. Raymond Development, L.L.C., the fact that he filed the petition in his own name, rather than the name of the limited liability company, is a minor technical difficulty, which should not impede the resolution of the issues presented by this case. Thus, we grant the motion to amend the petition to name St. Raymond Development, L.L.C., as a plaintiff in this action.
In light of our denial of Audubon Street Association’s application for rehearing, we recall the stay issued by this court on June 16, 2000 in its entirety. Any further stays of this court’s decision must be sought under the applicable rules set forth in the Louisiana Code of Civil Procedure.
APPLICATION FOR REHEARING DENIED. MOTION TO AMEND GRANTED. STAY ORDER RECALLED.
WALTZER, J., DISSENTS AND WOULD GRANT REHEARING BASED ON HER ORIGINAL DISSENT.