CHARLES R. JONES, Judge.
 

 _JjThis matter arises out of a suit on a contract to renovate a boathouse damaged during Hurricane Katrina. The relator, Susan Bankston seeks review of the denial of her Motion to Disqualify Jack Randle Allen, Jr., from representing Tasch, LLC, (Tasch) in the instant litigation.
 

 Ms. Bankston and Maria Cea filed the instant action in the district court, naming as defendants Tasch and its insurer, ABC Insurance Company. On June 5, 2009 (date of certificate of service), Mr. Allen filed an “Answer & Position to Plaintiffs Petition,” the substance of which purports to be from Tasch and ABC Insurance Co., but which document is signed by Mr. Allen with the designation: “Representing Self.”
 

 Ms. Bankston filed a Motion to Disqualify Mr. Allen “as attorney of record” for Tasch on September 3, 2009. On September 25, 2009 (date of certificate of service), Mr. Allen filed a “Reeonventional Demand of Tasch, LLC,” with Mr. Allen again signing the document as “Representing Self.” The Motion to Disqualify was denied by the district court on October 19, 2009.
 

 |2Ms. Bankston filed a notice of intent on October, 29, 2009, and timely filed her writ application in this Court on November 19, 2009. The writ application contains no district court opposition from Mr. Allen or Tasch. The order denying the Motion to Disqualify (which order, according to counsel for Ms. Bankston, was prepared by Mr. Allen) indicates that the matter came for hearing. The order refers to “the arguments, memorandum and replies of all parties,” but only specifically refers to Ms. Bankston’s memorandum in support of the motion. There were no reasons for judgment.
 

 This Court denied Ms. Bankston’s writ application on December 21, 2009, finding no abuse of discretion by the district court. She then filed a writ application in the Louisiana Supreme Court, which was granted on April 2, 2010. The Supreme Court remanded the matter to this Court for briefing, oral argument, and opinion. For the reasons set forth below, we grant the writ application and reverse the judgment of the district court.
 

 DISCUSSION
 

 Louisiana Revised Statute 37:218, entitled
 
 Persons, professional associations, professional corporations, and limited liability companies entitled to practice law; penalty for unlawful practice,
 
 prohibits the unlicensed practice of law, and states:
 

 A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
 

 |⅞(1) Practice law.
 

 (2) Furnish attorneys or counsel or an attorney and counsel to render legal services.
 

 
 *497
 
 (3) Hold himself or itself out to the public as being entitled to practice law.
 

 (4) Render or furnish legal services or advice.
 

 (5) Assume to be an attorney at law or counselor at law.
 

 (6) Assume, use, or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase containing any of these titles in such manner as to convey the impression that he is a practitioner of law.
 

 (7) In any manner advertise that he, either alone or together with any other person, has, owns, conducts, or maintains an office of any kind for the practice of law.
 

 B. This Section does not prevent any corporation or voluntary association formed for benevolent or charitable purposes and recognized by law from furnishing an attorney at law to give free assistance to persons without means.
 

 C. Any natural person who violates any provision of this Section shall be fined not more than one thousand dollars or imprisoned for not more than two years, or both.
 

 D. Any partnership, corporation, or voluntary association which violates this Section shall be fined not more than five thousand dollars. Every officer, trustee, director, agent, or employee of a corporation or voluntary association who, directly or indirectly, engages in any act violating any provision of this Section or assists the corporation or voluntary association in the performance of any such violation is subject to the penalties prescribed in this Section for violations by a natural person.
 

 Louisiana Revised Statute 37:212, entitled
 
 Practice oflaiv,
 
 provides:
 

 A. The practice of law means and includes:
 

 (1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state;
 
 or
 

 |4(2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
 

 (a) The advising or counseling of another as to secular law;
 

 (b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights;
 

 (c) The doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right; or
 

 (d) Certifying or giving opinions as to title to immovable property or any interest therein or as to the rank or priority or validity of a lien, privilege or mortgage as well as the preparation of acts of sale, mortgages, credit sales or any acts or other documents passing titles to or encumbering immovable property.
 

 B. Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; or from preparing abstracts of title; or from insuring titles to property, movable or immovable, or an interest therein, or a privilege and encumbrance thereon, but every title insurance contract relating to immovable property must be based upon the certification or opinion of a licensed Louisiana
 
 *498
 
 attorney authorized to engage in the practice of law. Nothing in this Section prohibits any person from performing, as a notary public, any act necessary or incidental to the exercise of the powers and functions of the office of notary public, as those powers are delineated in Louisiana Revised Statutes of 1950, Title 35, Section 1, et seq.
 

 C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting any claim, not exceeding five thousand dollars, or defense pertaining to an open account or promissory note, or suit for eviction of tenants on its own behalf in the courts of limited jurisdiction on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
 

 D. Nothing in Article V, Section 24, of the Constitution of Louisiana or this Section shall prohibit justices or judges from performing all acts necessary or incumbent to the |5authorized exercise of duties as judge advocates or legal officers. (Emphasis added).
 

 The reference to “courts of limited jurisdiction” alone in La. R.S. 37:212(C) appears to exclude the instant matter from falling within the exception of La. R.S. 37:212(C). The instant case is not pending in a court of limited jurisdiction, as that term implies. Moreover, Ms. Bankston— the mover in this Motion to Disqualify— prays for compensatory damages in the amount of $72,244.21, clearly excluding the matter from the exception. In addition, by setting forth this limited exception to the definition of the “practice of law,” the legislature has implicitly prohibited legal entities such as Tasch from asserting any defense to a suit such as Ms. Bankston’s through, for example, a non-attorney agent or representative. La. R.S. 37:212(B) does not apply, because even assuming,
 
 arguen-do,
 
 that Mr. Allen is the sole member of Tasch, Tasch is a legal entity separate from Mr. Allen. The business of Tasch could not be Mr. Allen’s “own business,” as that term is used in La. R.S. 37:212(B). However, as discussed below, jurisprudence has routinely held that corporate entities must be represented by counsel.
 

 In
 
 Deal v. Lexing-Powell,
 
 36,168 (La. App. 2 Cir. 8/16/02), 824 So.2d 541, the Second Circuit Court of Appeal held that the president of a corporate defendant, who had not been licensed and admitted to practice law by the Louisiana Supreme Court, could not bring an appeal of an order and judgment rendered against the corporation. The court stated that if the president did so, he would be carrying on the unauthorized practice of law under La. R.S. 37:212 and R.S. 37:213.
 

 Incidentally, even where a limited liability company has a sole shareholder, it is an entity separate and distinct from that shareholder in terms of procedural | ¡¡capacity. See
 
 St. Raymond v. City of New Orleans,
 
 99-2438, p. 2 (La.App. 4 Cir. 8/2/00), 775 So.2d 31, 32 (this Court declining to notice on its own motion an exception of no right of action as to right of original plaintiff/sole shareholder of a limited liability company to seek a preliminary injunction for the LLC, instead deciding to grant shareholder’s motion to amend petition to name his limited liability company as a plaintiff).
 

 Ms. Bankston cites in her writ application a Georgia state appellate court decision,
 
 Winzer v. EHCA Dunwoody,
 
 277 Ga. App. 710, 627 S.E.2d 426 (2006), that holds
 
 *499
 
 that a non-attorney cannot represent a limited liability company, just like a non-attorney cannot represent a corporation, because that person would be engaging in the unauthorized practice of law.
 

 In our review of the writ application, it is clear that Mr. Allen has acted, and seeks to continue to act, in a representative capacity of Tasch in connection with the instant litigation pending before a court of record in this state. Incidentally, Tasch was represented by a licensed attorney in this litigation, Scott G. Wolfe, Jr. and the Wolfe Law Group, L.L.C., but Mr. Wolfe and the firm subsequently filed a motion to withdraw as counsel on or about June 3, 2009 (date of certifícate of service). Mr. Wolf and the Wolf Law Group have since filed an attorney’s lien against Tasch for attorney fees.
 

 Nevertheless, Mr. Allen went on to sign both pleadings he filed with the designation: “Representing Self.” However, it is clear that he filed the “Answer
 
 &
 
 Position to Plaintiffs Petition” on behalf of Tasch and ABC Insurance Co., and the “Recon-ventional Demand of Tasch, LLC” on behalf of Tasch alone.
 

 Ms. Bankston attached and referred to in her memorandum in support of her Motion to Disqualify a computer printout, dated August 31, 2009, from the |7Louisiana State Bar Association online member directory of list of a number of members of the LSBA with the last name “Allen.” The list goes alphabetically by first name through Raymond M. Allen, and does not include a Jack Randle Allen, Jr. However, there is no indication that this document actually was introduced in evidence. “Documents attached to memoran-da do not constitute evidence and cannot be considered on appeal.”
 
 Triss v. Carey,
 
 2000-0608, p. 3 (La.App. 4 Cir. 2/7/01), 781 So.2d 613, 615. There is no indication that a proper foundation was laid for its admission into evidence under the business records to the hearsay rule pursuant to La. C.E. art. 803(6). See
 
 State v. Carter,
 
 97-2902, p. 27 (La.App. 4 Cir. 5/10/00), 762 So.2d 662, 679 (“There is no doubt that computer printouts which reflect computer stored human statements are hearsay when introduced for the truth of the matter asserted in the statements.”). But see
 
 Professional Credit Service of New Orleans v. Harris,
 
 539 So.2d 1004, 1006 (La.App. 4 Cir.1989)(“[A]lthough the foundation for the computer printouts may not have been sufficient to overcome a timely hearsay objection, ... defendants’ failure to raise the hearsay objection before the trial court waived their right to assert the objection on appeal (citations omitted)”).
 

 Additionally, this Court must also consider the fact in the 24th Judicial District Court for the Parish of Jefferson,
 
 [1]
 
 Mr. Allen filed suit against a defendant. Again, Mr. Allen signed as a representative for Tasch, and did not have an attorney to represent him in that matter. After the defendant in this matter filed an exception of lack of procedural capacity against Tasch and Mr. Allen, the 24th [sJudicial District Court sustained the defendant’s exception. So, the issue of his signing pleadings as a non-attorney, is not new to Mr. Allen.
 

 Considering the facts and jurisprudence, we find that Mr. Allen is not an attorney. Therefore, he cannot represent Tasch in the instant litigation, nor can he draw papers, pleadings, or documents on behalf of Tasch in this litigation, or perform any act on behalf of Tasch in connection with this litigation.
 

 
 *500
 
 Considering the seriousness of the offense of practicing law without a license, and the paucity of admitted evidence that Mr. Allen is not an attorney licensed to practice law in Louisiana or an attorney licensed in another jurisdiction who is otherwise permitted to appear in a court of record in this state, it is clear that the district court abused its discretion in denying Bankston’s Motion to Disqualify. Ms. Bankston has established that Mr. Allen is not a licensed attorney in Louisiana, and that he is not an attorney from another jurisdiction permitted to appear before a court of record in this state.
 

 For the foregoing reasons, the writ application is granted, and the judgment of the district court is reversed. Furthermore, all costs are assessed to Mr. Allen.
 

 WRIT GRANTED.
 

 [1]
 

 . See 24th Judicial District Court for the Parish of Jefferson, Case No.675-661,
 
 Tasch, LLC
 
 v.
 
 Alice B. O'Keefe and the Estate of James B. O’Keefe, et. al.