Judge Joy Cossich Lobrano
Plaintiff/Appellant, The Rouge House, LLC ("Rouge House"), appeals the June 13, 2016 judgment of the district court, which granted the motion for summary judgment by the State of Louisiana, Department of Revenue, Office of Alcohol and Tobacco Control ("ATC") and dismissed Rouge House's petition seeking review of ATC's denial of Rouge House's application for a Class A Restaurant Beer and Liquor Permit. For the following reasons, we dismiss the appeal.
The particular issue before this Court stems from a series of filings by Tracy Riley ("Riley"). Riley is the member-manager of Rouge House and is not an attorney.
Following the district court's denial of a new trial on the motion for summary judgment, Rouge House filed a motion for devolutive appeal on August 22, 2016, through its counsel of record, Ernest L. Jones ("Jones").[1] The district court record contains no formal motion by Jones to *582 withdraw as counsel of record. The record also contains no motion for appeal filed by Riley.
On July 21, 2017, this Court issued a notice of lodging to the parties advising that the appellant brief was due on August 15, 2017. On September 8, 2017, Riley filed a "motion to enroll as pro se appellant" on behalf of herself and on behalf of Rouge House. In this motion, Riley represented to this Court that she is the appellant in these proceedings, that Jones' "health prevents him from being able to handle this appeal," and that she wished to "represent herself." On the same date, Riley filed motions for extension of time to file a brief and to reinstate oral argument. Riley attached to these motions a statement signed by Jones asserting that: (1) Jones advised Riley that he "could not handle an appeal and showed her on what to do to protect her rights"; (2) Jones does not recall filing a motion for appeal but he has since seen one bearing his signature; and (3) Jones does not recall receiving this Court's notice of lodging and did not inform Riley of any appellate briefing deadlines.
Based on Riley's representation that she is an appellant in these proceedings, on September 11, 2017, this Court issued orders enrolling Riley in this matter pro se and allowing an extension of time to file a brief.[2] Riley filed a brief with this Court on October 23, 2017. On further review of the record, however, on February 20, 2018, this Court vacated the aforementioned orders dated September 11, 2017. On February 21, 2018, this Court ordered Riley to show cause why she should be permitted to file a brief, as she was not a party to the underlying litigation before the district court and did not file a motion for appeal.
On March 5, 2018, Rouge House and Riley filed motions to file amended brief and amend case caption, which were signed by Jones as "attorney in trial court." The motions requested various forms of relief, including: (1) leave to file an amended brief; (2) to add Riley as a plaintiff; (3) for Riley to appear on behalf of Rouge House; (4) to amend the case caption to add Riley as a party; and/or (5) for thirty (30) days for Rouge House to retain an attorney and file an appellant brief.
On March 7, 2018, this Court ordered Jones to advise this Court whether he remained counsel for Rouge House and/or to withdraw as counsel of record. In the event of Jones' withdrawal as counsel, we permitted Rouge House thirty (30) days within which to retain new counsel and file a brief through counsel.[3] In our March 7, 2018 order, we cautioned Rouge House that if no such brief was filed within this Court's thirty-day deadline, this appeal would be dismissed as abandoned.
On April 2, 2018, Jones filed a statement with this Court that he does not represent Riley or Rouge House in this appeal, that he advised his clients that he would not represent them on appeal, and that he signed the March 5, 2018 motions at Riley's request but did not intend his signature to be an appearance of record.
This Court's deadline for Rouge House to file an appellant brief through counsel expired on April 6, 2018. On April 6, 2018, Riley filed a motion for extension of time, requesting an additional six months to retain counsel to prepare a brief.
On April 9, 2018, Kenneth C. Bordes filed a motion to enroll as counsel of record for "plaintiff," for a stay of this appeal due *583 to a purportedly pending matter in the district court to which Rouge House is a party, and/or alternatively for an extension of time to file a brief.
For the reasons that follow, we are constrained to deny the relief requested as untimely and to dismiss Rouge House's appeal as abandoned and for failure to comply with the orders of this Court.
While Riley seeks to appear on behalf of Rouge House, she also represents to this Court that she is not an attorney. This Court "has routinely held that corporate entities must be represented by counsel." Bankston v. Tasch, LLC , 2009-1573, p. 5 (La. App. 4 Cir. 6/2/10), 40 So.3d 495, 498. "[E]ven where a limited liability company has a sole shareholder, it is an entity separate and distinct from that shareholder in terms of procedural capacity." Id. , 2009-1573 at pp. 5-6, 40 So.3d at 498. See also Torregano v. Imperium Builders S., LLC , 2016-0644, pp. 5-6 (La. App. 4 Cir. 2/15/17), 212 So.3d 638, 641 (citing La. R.S. 37:212, 37:213) ; Deal v. Lexing-Powell , 36,168, p. 10 (La. App. 2 Cir. 8/16/02), 824 So.2d 541, 547 (holding that a president of a corporate defendant, who had not been licensed and admitted to practice law by the Louisiana Supreme Court, could not bring an appeal of an order and judgment rendered against the corporation; if the president did so, he would be carrying on the unauthorized practice of law under La. R.S. 37:212 and 37:213 ). Rouge House, as a limited liability company, is a separate and distinct entity from Riley. Riley cannot represent Rouge House on appeal, as she is not an attorney. Instead, Rouge House must be represented by counsel.
Riley also seeks to appear pro se and represent her own interests on appeal. Riley, however, is not a party to this appeal. No motion for appeal was filed by Riley in the lower court.[4] The only motion for appeal herein was filed by Rouge House, through Jones as counsel of record, on August 22, 2016, and granted by the district court that same date. Rouge House is the only appellant herein. As discussed, Rouge House, as a corporate entity, must be represented by an attorney to proceed on appeal. Jones represents to this Court that he was counsel for Rouge House for trial purposes only, and that he advised Rouge House, through Riley, of his inability to represent Rouge House on appeal at the time the June 13, 2016 judgment was rendered.
Rule 2-8.6 of the Uniform Rules-Courts of Appeal provides for the abandonment of civil appeals as follows:
For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be transmitted by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is transmitted, the appeal shall be dismissed as abandoned. Provided, however, that irrespective of the time limit provided in Rule 2-12.7 for the appellee to file a brief, the appellee's brief shall be filed within 20 days from the due date shown on the notice of abandonment.
*584 In the present case, this Court issued an order on March 7, 2018 permitting Rouge House thirty (30) days within which to retain counsel and file a brief, through counsel. This Court's order admonished that if a brief was not filed within thirty (30) days, the appeal would be dismissed as abandoned. This Court's deadline expired on April 6, 2018. As of the date of this opinion, Rouge House has not filed a brief through an attorney. "If the brief is still not filed, the rule provides that the appeal 'shall' be dismissed." Talley v. Hughes , 438 So.2d 263, 264 (La. App. 4th Cir. 1983) (citing Rule 2-8.6, Uniform Rules-Courts of Appeal ). Accordingly, we dismiss the appeal.[5]
While Riley filed a "pro se " motion for an extension of time on April 6, 2018, her motion contains no reference to Rouge House and does not purport to request such relief on Rouge House's behalf. Regardless, for the reasons described above, Riley is not permitted to represent Rouge House on appeal. Therefore, this motion is denied.
Additionally, the April 9, 2018 motion by Rouge House, seeking to enroll new counsel and for stay of the appeal and/or extension of time to file an appellant brief, is untimely and cannot now revive this appeal, as the motion was not filed until after the brief was due. This Court may only grant an extension of time within which to file the brief, for good cause shown, where a written motion for extension was filed on or before the date the brief was due. Rule 2-12.8, Uniform Rules-Courts of Appeal. "An extension of time may not be granted if such extension will retard the hearing or determination of the case." Id. The untimely motion also fails to demonstrate that granting a stay or additional time to file an appellant brief would not further delay the determination of this matter. Accordingly, the motion is denied.
Additionally, this Court vacated its order of September 11, 2017 ruling on the motions filed by Riley on September 8, 2017 to appear pro se , for extension of time to file a brief, and to reinstate oral argument. The motions of September 8, 2017 are denied.
Though we acknowledge that dismissal of this appeal seems a harsh remedy, it cannot be overlooked that Rouge House and Riley have long been aware that trial counsel, Jones, would not represent Rouge House on appeal. No dispute exists that Jones advised Rouge House and Riley of such nearly two years ago at the time the ruling on appeal was rendered in the district court. Moreover, the requirement of obtaining counsel to represent Rouge House was previously litigated in the district court when ATC filed an exception of lack of procedural capacity, in response to Riley filing a petition in the district court, ultimately resulting in Rouge House retaining Jones as counsel of record in the district court. Notwithstanding the above, this Court properly notified Rouge House of briefing deadlines and alerted Rouge House that if an appellant brief was not filed by counsel within thirty (30) days, the appeal would be dismissed. No brief was filed with this Court, and Rouge House has failed to comply with this Court's order; Rouge House's request for further extension of briefing deadlines is untimely, and we lack authority to grant it. Rule 2-12.8, Uniform Rules-Courts of Appeal.
*585 For these reasons, we dismiss the appeal of the June 13, 2016 judgment of the district court. The motions of September 8, 2017, April 6, 2018, and April 9, 2018 detailed in this opinion are denied.
APPEAL DISMISSED; MOTIONS DENIED
JENKINS, J., CONCURS IN THE RESULT

Rouge House was also represented at the summary judgment hearing by co-counsel, John S. Williams. While the district court record contains no formal motion to withdraw by Williams, neither his name nor signature appears on the motion for appeal or in any filings in this Court.

This Court deferred ruling on the motion to reinstate oral argument, and we rule on said motion in this opinion.

This Court also denied all other requests in the motions of March 5, 2018.

While La. C.C.P. art. 2086 provides that a "person who could have intervened in the trial court may appeal," Riley has not raised this argument, and it is therefore waived. Likewise, Riley failed to file a motion for appeal within the deadlines provided by La. C.C.P. art. 2087 and has not otherwise shown that any appeal she may bring now would be timely.

"If appellant's counsel was supposed to have filed a brief for appellant or owed some other duty to appellant that he did not perform, appellant may complain against him, but that does not oblige other litigants to wait forever, never knowing whether a lawsuit is over." Talley , 438 So.2d at 264.