# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**19-183 consolidated with 19-409**

**SUCCESSION OF ALLEN L. SMITH, JR.**

**VERSUS**

**KEITH ALAN PORTIE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4038
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Kenneth Michael Wright**
**203 West Clarence Street**
**Lake Charles, LA 70601**
**Telepohone:  (337) 439-6930**
**COUNSEL FOR:**
       **Defendant/Appellant – Keith Alan Portie**

**Christopher E. John**
**City of Lake Charles Legal Department**
**P. O. Box 900**
**Lake Charles, LA 70602-0900**
**Telephone:  (337) 491-1547**
**COUNSEL FOR:**
       **Defendant/Appellee – City of Lake Charles**

**Timothy O'Dowd**
**Jared W. Shumaker**
**O'Dowd Law Firm LLC**
**924 Hodges Street**
**Lake Charles, LA 70601**
**Telephone:  (337) 310-2304**
**COUNSEL FOR:**
      **Plaintiff/Appellee – Shirley Smith**

**THIBODEAUX, Chief Judge.**

This case arises out of a dispute between two adjacent landowners regarding a five-foot strip of land which forms a border between the property owned by Plaintiff, Shirley Smith,[1] and the property owned by Defendant, Keith Alan Portie. The strip of land between the two properties was dedicated as a public drainage servitude and accepted by the City of Lake Charles via Resolution Number 366 on February 20, 1952. The strip of land, or five-foot drainage, remained bare land until August 21, 2015, when Mr. Portie purchased Lot 26 and placed drainage pipes, cement barriers, and truck loads of dirt on the strip of land. Ms. Smith alleges that Mr. Portie's actions violated subdivision restrictions which prohibit certain improvements from being made on the five-foot strip of land. Ms. Smith claims that Mr. Portie's actions resulted in drainage problems on her property. The drainage damaged her property and interfered with her enjoyment of use of the property.

On December 11, 2018, the trial court granted Ms. Smith's motion for a preliminary injunction and ordered Mr. Portie to stop draining his property onto Ms. Smith's property, to stop interfering with Ms. Smith's drainage across the five-foot strip of land at issue, and to stop increasing the drainage burden on Ms. Smith's property.

I.

**ISSUES**

We will consider:

---

[1]When the original petition was filed, the plaintiff in this case was the Succession of Allen Smith, Jr.; however, Shirley Smith was subsequently substituted as the party plaintiff.

(1)     whether the trial court erred as a matter of law in issuing a preliminary injunction with vague and mandatory language; and

(2)     whether an alleged violation of Louisiana Civil Code Article 667 is a violation of a "prohibitory law" relieving Shirley Smith of the burden of proving irreparable injury.

II.

## FACTS AND PROCEDURAL HISTORY

Ms. Smith is the owner of Lot 27 of the Charles O. Noble Subdivision of Lots 4 and 5 of W.W. Blackman Subdivision. Mr. Portie owns Lot 26 of Charles O. Noble Subdivision. Two plats of the Charles O. Noble Subdivision were filed on December 26, 1951. The first plat was recorded in Plat Book 6, page 108, bearing Clerk's file number 516678, and the second was recorded in Plat Book 6, page 126, bearing Clerk's file number 522940. On February 20, 1952, the City of Lake Charles adopted Resolution Number 366. The dedication of the first plat states that the street in the subdivision of Lot 4 and 5 of the W.W. Blackman Sub. of Lot Section 13, T10S – R 9W is dedicated to public use. The dedication of the second plat added the five-foot strip of land between Lots 26 and 27 for drainage.

Additionally, the City of Lake Charles accepted the subdivision through a resolution and declared that all streets and/or avenues shown on the plat were thereby declared public property. The resolution further provided that the City of Lake Charles accepted the five-foot drainage easement for public use. The resolution also stated that if any interested property owner desired to install, maintain or improve the drainage of said easement, it must be done with the consent and approval of the City Council.

2

Prior to Mr. Portie purchasing Lot 26 in the Charles O. Noble Subdivision, the five-foot strip of land between Lots 26 and 27 was vacant. The clear space allowed water to flow west, down a slope into Contraband Bayou from Lots 26 and 27 and from the remainder of the subdivision. After Mr. Portie purchased the lot, he began placing pipe, hauling cement barriers and truck loads of dirt onto the five-foot strip of land. Subsequently, the drainage between Lots 26 and 27 was obstructed.

As a result, Ms. Smith filed a petition on October 6, 2015, which sought, among other relief, injunctive relief. The trial court initially granted a temporary restraining order (TRO), and at a hearing on December 21, 2015, the TRO was dissolved. Ms. Smith filed a motion for preliminary injunction which the trial court heard on June 25, 2018. Prior to the judgment being signed, there was an objection to its proposed wording and a request for reconsideration or a new trial on the preliminary injunction. The trial court reconsidered its ruling at an October 29, 2018 hearing, then rendered written reasons for the judgment on December 11, 2018. On December 12, 2018, Mr. Portie filed a motion and order for suspensive appeal and the record for that appeal was lodged in this court on March 8, 2019, under this court's docket number CA 19-183.

Prior to the rendering of Judgment on Ms. Smith's preliminary injunction, on November 30, 2018, Mr. Portie filed a motion for partial summary judgment. The trial court heard the motion on February 4, 2019, and signed the judgment denying the partial summary judgment on February 5, 2019. In denying the summary judgment, the trial court found that the five-foot servitude for drainage was owned by the City of Lake Charles and had not lapsed by liberative prescription. Mr. Portie filed an order for devolutive appeal on February 6, 2019, alleging the trial

court erred in failing to grant the partial summary judgment. The February 6, 2019 devolutive appeal record was lodged in this court on June 4, 2019, under appeal number CA 19-409. We converted that proposed appeal into a supervisory writ. This court consolidated appeal numbers CA 19-183 and CA 19-409. On its own motion, this court dismissed the writ under docket number 19-409.

## III.

## **STANDARD OF REVIEW**

The issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. *Vartech Sys., Inc. v. Hayden*, 05-2499 (La.App. 1 Cir. 12/20/06), 951 So.2d 247.

## IV.

## **LAW AND DISCUSSION**

Pursuant to La.Code Civ.P. art. 3601, "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant[.]" "A moving party is generally entitled to issuance of a preliminary injunction only if he proves the existence of three elements: (1) that the injury, loss, or damage he will suffer if the injunction is not issued may be irreparable; (2) that he is entitled to the relief sought; and (3) that he will be likely to prevail on the merits of the case." *St. Raymond v. City of New Orleans*, 99-2438, p. 3 (La.App. 4 Cir. 5/17/00), 769 So.2d 562, 564 *rehearing denied* 99-2438 (La.App. 4 Cir. 8/2/00) 775 So.2d 31, *writ denied* 00-2565 (La. 9/13/00) 767 So.2d 697.

A "preliminary injunction requires less proof than is required in an ordinary proceeding for permanent injunction and the trial court has great discretion

4

to grant or deny a preliminary injunction." *Breaud v. Amato*, 94-1054, p. 5 (La.App. 5 Cir. 5/30/95), 657 So.2d 1337, 1339.

For the purpose of determining injunctive relief, "irreparable harm" generally means loss that cannot be adequately compensated in money damages or measured by pecuniary standard. *Robbins v. State, Through State Land Office*, 97-671 (La.App. 3 Cir. 12/17/97), 704 So.2d 961, *writ denied* 98-176 (La. 3/20/98), 715 So.2d 1214 (quoting *Star Enter. v. State, Through Dep't Of Revenue and Taxation*, 95-1980, 95-1981, 95-1982, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 834, *writ denied*, 96-1983 [(La. 3/14/97)], 689 So.2d 1383). While the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking relief is threatened with irreparable loss without adequate remedy at law. *Licfro, Inc. v. State, ex rel. Dep't of Revenue, Office of Alcohol & Tobacco Control*, 03-737 (La.App. 4 Cir. 10/1/03), 859 So.2d 739.

Mr. Portie contends that the trial court did not make any factual findings that Ms. Smith suffered irreparable injury. However, upon review of the record, we note that the trial court cited various testimonies and exhibits to support its finding that Ms. Smith suffered irreparable harm. The trial court found that after Mr. Portie began construction for the improvement of Lot 26, there were changes in the drainage of Lot 26 and 27. Specifically, the trial court found that Ms. Smith's Exhibit P-9 shows that rainwater from Mr. Portie's house would run across the concrete wall that was installed by Mr. Portie, instead of the five-foot drainage, ultimately causing drainage issues on Ms. Smith's property.

Additionally, the trial court noted Ms. Smith's testimony in which she stated that the changes in drainage continuously caused her distress. Ms. Smith also

stated Mr. Portie's construction caused water to accumulate in her yard after heavy rains. Ms. Smith's testimony was buttressed by the testimony of Johnny Bennett, who had been tending to Ms. Smith's property for approximately thirty years. At the hearing, the trial court found Mr. Bennett to be a credible witness. Mr. Bennett stated that Ms. Smith's property has changed since Mr. Portie purchased Lot 26. Mr. Bennett noticed that since the construction on Lot 26, Ms. Smith's property remained saturated with water after heavy rains. Mr. Bennett specifically stated that before Mr. Portie began construction on Lot 26, he never had a problem mowing Ms. Smith's yard. However, after the construction had taken place, Mr. Bennett was unable to mow out of concern of becoming bogged in the inundated yard.

We find that the trial court was not manifestly erroneous in its conclusion. Ms. Smith was deprived of the enjoyment of use of her land due to Mr. Portie's actions. Additionally, based on our review of the jurisprudence, we agree with the trial court's finding that Ms. Smith's deprivation of enjoyment is not measurable by a pecuniary standard.

In *Livingston Parish Police Jury v. Smith*, 442 So.2d 529 (La.App. 1 Cir. 11/22/83), the police jury sought an injunction to prohibit a landowner from draining his property in a certain manner because his drainage deprived the Parish enjoyment of its property. The defendant presented testimony of a civil engineering expert. The civil engineer testified that the resulting damage to the property caused by standing water could be repaired at a cost of $500.00 to $1,000.00. However, the court also found that due to the continuing nature of the harm, the damage could not be adequately compensated monetarily.

Similarly, in this case the drainage issue causing damage may be repairable. The continuing nature of the deprivation of the enjoyment of Ms. Smith's

6

land, however, cannot be adequately measured.[2]  "Preliminary injunctions may be entered prior to trial on the merits in order to protect the applicant from irreparable injury during the pendency of the action."  *S. Cent. Bell Tel. Co. v. Louisiana Pub. Ser. Comm'n,* 555 So.2d 1372 (La.1990).  Therefore, Ms. Smith has met her burden of proving irreparable injury.

Furthermore, we reject Mr. Portie's contention that the injunction fails to specify the acts sought to be prohibited contrary to the requirements of La.Code Civ.P. art. 3605, which provides:

> An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.  The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.

In *Patin v. Richard*, 357 So.2d 1285 (La.App. 3 Cir. 1978), the plaintiff and the defendant were owners of adjoining campsites.  First, the plaintiff filed a suit against the defendant seeking a right of passage across the defendant's property.  A right of passage was granted to the plaintiff along the west twelve feet of the defendant's property.  Subsequently, the plaintiff filed another suit alleging that the defendant violated the previous judgment by digging a drainage ditch across the servitude right-of-way.  The plaintiff requested a preliminary injunction among other relief.  The trial court granted the preliminary injunction and the defendant appealed the order.  Like Mr. Portie, the defendant in *Patin* asserted that the order granting the injunction failed to apprise him of the acts sought to be restrained.

---

[2]We, therefore, pretermit a decision on whether La.Civ.Code art. 667 is a prohibitory law which would make a finding of irreparable harm unnecessary.

7

Importantly, the order in *Patin* stated the following:

> IT IS FURTHER ORDERED that the Rule for a Preliminary Writ of Injunction filed herein by Austin J. Patin be, and it is hereby made absolute and, accordingly, IT IS ORDERED that a preliminary writ of injunction issue herein enjoining, restraining and prohibiting Dennis S. Richard from digging up, excavating or in any manner whatsoever interfering with whatever rights plaintiff, Austin J. Patin, may be entitled under the Judgment in this proceeding previously rendered herein on March 3, 1975; the said preliminary writ of injunction to issue herein upon plaintiff furnishing bond in the amount of FIVE HUNDRED DOLLARS ($500) in accordance with law.

*Patin*, 357 So.2d at 1287.

In *Patin*, this court found that the trial court's order plainly enjoined the defendant from engaging in any activity or erecting any work that would interfere or prevent the plaintiff from exercising his servitude of passage.

In this case, the trial court's December 12, 2018 order specifically states:

> IT IS FURTHER ORDERED that a preliminary injunction issue in favor of Shirley Smith and against Keith Portie, cease and desist draining his property onto Shirley Smith's property, cease and desist the circumstances that are interfering with Shirley Smith's property from draining across what has been referred to as the five foot easement, and cease and desist from otherwise increasing the drainage burden on Shirley Smith's property.

Therefore, we cannot say that the trial court's order in this suit is vague or fails to specify the acts sought to be prohibited.

V.

## **CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs are assessed to Keith Alan Portie.

**AFFIRMED.**