745 So.2d 791 (1999)
Janice SULLIVAN, Plaintiff-Appellant,
v.
Harry Craig CABRAL, Defendant-Appellee.
No. 32,454-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
Writ Denied January 28, 2000.
E. Ray Kethley, Jr., Shreveport, Counsel for Appellant.
Michael J. Furman, New Orleans, Thomas Moore Hayes, III, Monroe, Counsel for Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiff, Janice Sullivan, appeals a judgment dismissing her legal malpractice claim against the defendant, Harry Cabral. The trial court found that the plaintiff had abandoned her suit by failing to take an effective step in the prosecution of the action as required by statute. For the following reasons, we affirm.

FACTS
On September 2, 1994, the plaintiff, Janice Sullivan, in proper person, filed a legal malpractice claim against the defendant, Harry Craig Cabral, who had previously represented plaintiff in connection with her divorce case. In October 1994, the defendant, representing himself, filed a request for an extension of time in which to file an answer to plaintiffs petition. Thereafter, the district court granted a motion allowing defendant to withdraw as counsel for himself and substituting attorney Dara L. Baird as defendant's counsel of record.
However, on November 4, 1994, Baird was allowed to withdraw as counsel of record and defendant again began representing himself. In November 1994, the defendant filed an exception of prematurity in response to plaintiff's petition. In June 1998, almost four years later, plaintiffs present counsel, E. Ray Kethley, filed a motion to enroll as attorney of record.
On June 30, 1998, plaintiff's attorney sent via certified mail a set of interrogatories and request for production of documents to attorney Baird, whom he mistakenly believed to be defendant's counsel of record. Plaintiffs attorney did not attempt *792 to serve defendant directly with the discovery material until August 5, 1998. Subsequently, defendant filed a motion to dismiss the case with prejudice. Following a hearing on the motion, the district court issued written reasons for judgment, finding that pursuant to the three-year time limitation set forth in LSA-C.C.P. art. 561, as amended in 1997, plaintiff had abandoned her lawsuit as of the effective date of July 1, 1998. The district court rendered judgment dismissing plaintiff's action. Plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in granting the motion to dismiss on the grounds of abandonment. Plaintiff argues that she established her intent to pursue her claim by mailing discovery material directed to defendant, but sent to his former counsel on June 30, 1998.
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. LSA-C.C.P. art. 561. Any formal discovery authorized by the Code of Civil Procedure and served on all parties, whether or not filed of record, shall be deemed to be a step in the prosecution of an action. LSA-C.C.P. art. 561(B).
Article 561 was amended by Acts 1997, No. 1221, to reduce the period in which an action can be dismissed for lack of prosecution from five to three years. The law became effective on July 1, 1998, and applied to all pending actions.
The policy underlying the time requirement of Article 561 is the prevention of protracted litigation which is filed without a serious intent to hasten the claim to judgment. The article provides for dismissal of those cases in which a plaintiff's inaction during the legislatively designated period has demonstrated abandonment. Shulver v. Slocum, 566 So.2d 1089 (La. App. 2d Cir.1990).
Article 561 was not meant to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that she does not intend to abandon the action. Jones v. Phelps, 95-0607 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. However, the plaintiffs intention to take a step in the prosecution of her claim without a step actually being taken is insufficient. Picone v. Lyons, 94-2428 (La.App. 4th Cir. 4/26/95), 653 So.2d 1375, writ denied, 95-1506 (La.9/29/95), 660 So.2d 852.
LSA-C.C.P. art. 1474(C)(4) provides that the serving of any discovery materials pursuant to this article shall be considered a step in the prosecution of an action for purposes of Article 561. LSA-C.C.P. art. 1474(A) states that all interrogatories required to be in writing and served on an adverse party may be served as provided in Article 1313. A discovery request may be served by mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, and service is complete upon mailing. LSA-C.C.P. art. 1313(A).
In the present case, plaintiff attempted to avoid abandonment of her action, which had been pending for more than three years, by mailing a discovery request to an attorney believed to be defendant's counsel of record. In support of her argument that this act was a step in the prosecution of the action, plaintiff cites the case of Shulver v. Slocum, supra. However, the factual situation of Shulver can be distinguished from that of the present case.
In Shulver, the petitioner submitted a letter to the clerk of court seeking service upon an adverse party, who was subsequently served with process. This court found that the party's submission of the letter to the clerk satisfied a recognized administrative procedure for accomplishing service and thus was a step sufficient to avoid abandonment. In contrast, the plaintiffs mailing of discovery to defendant's former attorney did not comply with *793 the procedure for service upon an adverse party, as expressed in Article 1313.
Although the record indicates that plaintiff mailed the discovery material to attorney Baird with the intent to avoid abandonment, such intention without a step toward prosecution of her action is insufficient. Article 1474 provides that service of discovery shall be considered a step in the prosecution of an action when served in the manner set forth in Article 1313, which expressly requires that such discovery be mailed to the adverse party, or to his counsel of record. Thus, in order to avoid abandonment of her action under the amended Article 561, plaintiff was required to mail her discovery request to the defendant or to his counsel of record by July 1, 1998. However, plaintiff failed to serve defendant's counsel of record and did not mail the interrogatories to defendant until August 5, 1998. Consequently, plaintiff failed to demonstrate that she took a step in the prosecution of her case prior to July 1, 1998, when the action was abandoned.
In an effort to shift responsibility for the improper service of the discovery material, plaintiff asserts that the Fourth Judicial District Court Clerk's Office provided incorrect information regarding the identity of defendant's counsel of record. However, as noted by the district judge, attorney Baird's motion to withdraw and to substitute counsel was contained in the district court's suit record, which was available for inspection by plaintiff or her attorney during the three-year period prior to June 1998.
The plaintiff also contends that even if she had mailed the discovery to defendant on June 30, 1998, there would have been a similar delay in his receipt of the documents because defendant did not notify the district court of his current address as required by local court rules. As previously noted, Article 1313 requires service to the adverse party at his last known address. Thus, had plaintiff mailed the discovery directly to defendant, she would have satisfied the statutory requirement. However, since plaintiff failed to mail the discovery material to defendant on June 30, 1998, the question of whether he provided his current address to the district court is irrelevant to the issue of abandonment. Plaintiff's arguments lack merit.
Applying the express statutory language to the factual situation of this case, we cannot say the district court erred in concluding that plaintiff's act of mailing interrogatories on June 30, 1998, to an attorney who no longer represented defendant, did not constitute a step in the prosecution of the action sufficient to avoid abandonment. Consequently, this case was properly dismissed as abandoned pursuant to Article 561. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Janice Sullivan.
AFFIRMED.