WILLIAMS, J.
| plaintiffs, Eric Hudson and Nicki Hudson, appeal a trial court judgment dismissing their medical malpractice lawsuit against defendant, Town & Country Nursing Center, LLC. (“Town & Country”). For the following reasons, we affirm.
FACTS
On September 3, 2009, plaintiffs, Eric Hudson and Nicki Hudson, filed a claim against defendant, Town & Country, alleging that Eric Hudson sustained various injuries due to medical malpractice while he was a resident of the nursing facility.[1] In response, defendants filed a dilatory exception of prematurity, alleging that plaintiffs had failed to post the cash or surety bond in the amount of the costs of the medical review panel. Plaintiffs cured the defect on February 8, 2010.
*634 On October 20, 2010, defendants filed a motion to withdraw and substitute counsel.[2] The pleading provided, in part:
Future notices to Town & Country should be sent to:
Ralph H. Wall
Adams and Reese, LLP
4500 One Shell" Square
New Orleans, LA 70139
The pleading also included a certificate of service which provided:
I hereby certify that a copy of the foregoing Motion to Withdraw and Substitute Counsel of Record has been duly served on all counsel of record by placing a copy of |zsame in the U.S. Mail properly addressed and postage prepaid, this 4[th] day of October 2010.
The motion to withdraw and substitute counsel was granted by the trial court on the same day.
Subsequently, on June 13, 2013, defendants filed an ex parte motion to dismiss the lawsuit on the ground of abandonment. Defendants argued that no step in the prosecution or defense of the matter had been taken for a period of more than three years. The trial court granted the motion and dismissed the lawsuit, without prejudice.
On July 22, 2013, plaintiffs filed a motion to set aside the order of dismissal. Plaintiffs’ motion contained the following allegations:
[[Image here]]
5.
Plaintiffs sent formal discovery (Interrogatories and Requests for Production of Documents) to attorney of record, Charles W. Herold III on January 21, 2013[J
6.
Plaintiffs never received notice of a motion to substitute counsel and did not learn that Adams & Reese were counsel of record until the Ex parte Motion to Dismiss on Grounds of Abandonment [was] filed and served on Plaintiffs through undersigned counsel.
7.
Plaintiffs forwarded formal discovery to defendant which is a step in prosecution and this was done prior to the expiration of three (3) years.
[[Image here]]
Defendants opposed plaintiffs’ motion to set aside the dismissal, arguing that the service of plaintiffs’ requests for discovery on former counsel, even if true, was insufficient to preclude a dismissal on the ground of | -¡abandonment.
On September 24, 2013, a hearing on the motion to set aside the order of dismissal was held. After hearing arguments of counsel, the trial court rescinded the order of dismissal, stating:
There is a substitute of counsel. It is in the record. It’s there. [LSA-C.C.P. art.] 561 does say that it must be served. Well, I’m not going to discuss the merits of whether or not you ought to in your certificate list who you’re serving, but, nevertheless, because it’s an appropriate certificate and that was obviously as an officer of the Court they are certifying that they sent that to Ms. Washington at the time it was filed. And the Court has no dispute with that.
[[Image here]]
I also turned and read the motion for, the ex parte motion to dismiss on grounds of abandonment signed by Mr. Wall, certificate of service to Ms. Wash *635 ington, order dismissing it, memorandum in support. However, what is stated to be an affidavit is not notarized. So if I’m going to follow the statute, because granted you gave the correct response on what the Court’s supposed to look to and the things they’re supposed to do, then truly I’m going to have to rescind that order of abandonment because it did not comply with Article 561 and place it properly before the Court because there is no affidavit that is required.
[[Image here]]
On January 28, 2014, defendants filed another motion to dismiss, alleging that the action had been abandoned. Accompanying the motion was a notarized affidavit by defendants’ counsel, certifying that no step in the prosecution of the action had been taken for more than three years. Following a hearing, the trial court granted the motion. In its oral reasons, the trial court stated:
[I]n my mind[,] there was really no doubt that Mr. Callihan’s firm had enrolled. That he, they were representing and that sort of thing. It was clear by the record. I think the Court found that. But I did find that 14your dismissal was defective and that there was not a notarized affidavit. In my mind[,] that is now cured. I don’t know what type of steps could have been taken between the time I set aside that judgment of dismissal in October and now[,] but nothing else has been done.
Plaintiffs appeal.
DISCUSSION
Plaintiffs contend the trial court erred in granting the motion to dismiss on the ground of abandonment. They argue that on January 21, 2018, their counsel propounded and mailed requests for discovery to defendants’ last known counsel of record. According to plaintiffs, the requests for discovery constituted a “step” in the prosecution of this matter and clearly proved that they intended to pursue their claims.
LSA-C.C.P. art. 561 provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
[[Image here]]
(8) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of abandonment^]
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
[[Image here]]
LSA-C.C.P. art. 561 sets forth three requirements for a- dismissal of an action by the trial- court on the ground of abandonment: (1) that a party take some “step” in the prosecution or defense of an action; (2) that the step |5be taken in the trial court and, with the exception of authorized formal discovery that is served on all parties, appears in the record of the suit;[3] and (3) that the step be taken with *636 in three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779; Koutroulis v. Centennial Healthcare Corp., 38,068 (La.App.2d Cir.4/14/10), 34 So.3d 503. A party takes a “step” in the prosecution or defense of an action when he or she takes a formal action before the court, or on the record, intended to hasten the matter to judgment, or when the party conducts formal discovery or takes a deposition. James v. Formosa Plastics Corp. of La., 2001-2056 (La.4/3/02), 813 So.2d 335; Clark, supra.
Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. However, whether a particular act, if proven, precludes abandonment is a question of law that is reviewed on appeal by determining whether the trial court’s decision is legally correct. Wolf Plumbing, Inc. v. Matthews, 47,822 (La.App.2d Cir.9/25/13), 124 So.3d 494, writs denied, 2013-2510 (La.1/17/14), 130 So.3d 949 and 2013-2516 (La.1/17/14), 130 So.3d 950; Brown v. Kidney & Hypertension Assoc., L.L.P., 2008-0919 (La.App. 1st Cir.1/12/09), 5 So.3d 258.
In the instant case, the motion to withdraw and substitute counsel by defendants’ attorney is the only filing by plaintiffs or defendant contained in the record for the period from February 8, 2010, and June 13, 2013, the date ¡(¡defendants filed the motion to dismiss on the ground of abandonment. It is well settled that a motion to withdraw and substitute counsel is not considered a step in the prosecution of an action for purposes of the procedural articles regarding abandonment of actions. Johnson v. American Bell Federal Credit Union, 49,321 (La.App.2d Cir.10/1/14), 149 So.3d 1267; Koutroulis, supra.
As stated above, counsel for plaintiffs contends she propounded requests for discovery and mailed them to Charles Herold, defendants’ former counsel of record, on January 21, 2013. Although the motion to withdraw and substitute counsel had been filed in the record since 2010, plaintiffs’ counsel asserts that she was unaware that Mr. Herold had withdrawn and Ralph H. Wall of the Adams & Reese law firm had been substituted as counsel because she did not receive notice of the motion from defendants’ counsel. She argues that, based on defendants’ failure to notify her of the substitution of counsel, her act of mailing the discovery requests to defendants’ former counsel constituted a step in the prosecution of her action that interrupted the running of the period of abandonment.
Apparently, plaintiffs argue that one of the jurisprudential exceptions to abandonment should apply to their case. See Wolf Plumbing, supra; See also Food Perfect, Inc. v. United Fire & Cas. Co., 2012-2492 (La.1/18/13), 106 So.3d 107. We agree that there are two jurisprudential exceptions to the abandonment rule. Either a plaintiff can demonstrate that his or her failure to prosecute was caused by circumstances beyond the plaintiff’s control (contra non valentem) or the plaintiff can establish that the | defendant waived his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Id.; Clark, supra.
LSA-C.C.P. art. 561 recognizes “formal discovery” which has been “served” on all parties as a step in the prosecution of an action. Thus, the mailing of interrogatories and requests for production to counsel of record is considered a *637 step in the prosecution of an action. LSA-C.C.P. art. 1474. However, in the present case, the mailing of the documents to defendants’ former attorney of record in January 2018, although it was done within the three-year period, is not “service on a party” as required by the language of LSA-C.C.P. art. 561 and authorized by LSA-C.C.P. arts. 1313(A)(1) and 1474.
The facts and arguments of the instant case are similar to those set forth in Sullivan v. Cabral, 32,454 (La.App.2d Cir.10/27/99), 745 So.2d 791, writ denied, 99-3324 (La.1/28/99), 753 So.2d 837. In Sullivan, the plaintiff filed a legal malpractice suit against her former attorney. The defendant initially proceeded in proper person. Thereafter, he withdrew as his own counsel and substituted another attorney as his counsel of record. However, the retained counsel was allowed to withdraw, and the defendant again began representing himself. Nearly four years later, the defendant hired a new attorney, who filed a motion to enroll as counsel of record. Shortly thereafter, plaintiff’s counsel mailed a set of interrogatories and requests for production of documents to the first attorney the defendant had retained. Weeks later, plaintiffs counsel sent the discovery requests to the defendant. Subsequently, the defendant filed a motion to dismiss the action |son the ground of abandonment. The district court granted the motion, and this court affirmed, stating:
Although the record indicates that plaintiff mailed the discovery material to attorney Baird with the intent to avoid abandonment, such intention without a step toward prosecution of her action is insufficient. [LSA-C.C.P. art.] 1474 provides that service of discovery shall be considered a step in the prosecution of an action when served in the manner set forth in Article 1313, which expressly requires that such discovery be mailed to the adverse party, or to his counsel of record. Thus, in order to avoid abandonment of her action under the amended Article 561, plaintiff was required to mail her discovery request to the defendant or to his counsel of record by July 1, 1998. However, plaintiff failed to serve defendant’s counsel of record and did not mail the interrogatories to defendant until August 5, 1998. Consequently, plaintiff failed to demonstrate that she took a step in the prosecution of her case prior to July 1, 1998, when the action was abandoned.
Sullivan v. Cabral, 745 So.2d at 793 (emphasis in original).
Herein, plaintiffs have not demonstrated that their failure to prosecute their case was caused by circumstances beyond their control. They failed to make even a cursory review of the record in this case for more than two years. A simple review of the record would have revealed the substitution of counsel and new counsel’s address. Consequently, we conclude that the trial court did not err in dismissing this action as abandoned. The assignment of error lacksunerit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to plaintiffs, Eric Hudson and Nicki Hudson.
AFFIRMED.

. Plaintiffs also named defendant's insurer, Red Mountain Casualty Insurance Company, as a party defendant.

. Defendants’ original counsel, Charles W. Herold, withdrew as counsel of record. Ralph H. Wall, of Adams and Reese LLP, was substituted as counsel.

. See LSA-C.C.P. arts 1313(A) and 1474, which authorize service by mail or by elec *636 tronic means to counsel of record or to the adverse party if there is no counsel of record.