BROWN, CHIEF JUDGE.
| plaintiff, D.W. Thomas & Sons, Inc., has appealed from the trial court’s judgment dismissing its action against defendant, Diamond Mobile Home Park, L.L.C.,[1] as abandoned pursuant to La. C.C.P. art. 561. For the reasons set forth below, we affirm.
Facts and Procedural History
On September 28, 2005, plaintiff filed the instant action seeking $54,500 alleged to be due under an oral modification of contract on a project that included dirt work, the clearing of some land and the building of a road. Defendant filed its answer and reconventional demand on November 28, 2005. The parties engaged in discovery and submitted pretrial statements to the trial court. A joint motion for continuance was submitted and signed by the trial court on November 15, 2006.
Thereafter, the case languished. Plaintiffs original counsel served interrogatories and requests for production of documents on defendant on September 11, 2009. Defendant did not respond. Thereafter, on October 26, 2009, plaintiffs counsel filed a motion to withdraw. The trial court issued a rule to show cause to D.W. Thomas. Following a hearing on April 16, 2010, at which Mr. Thomas was present, the trial *827 court allowed the attorney to withdraw; however, the trial court did not admonish Mr. Thomas to secure counsel if he wanted to continue his claim.
Nothing further appears in the record until September 4, 2015, when new counsel filed a motion to enroll on behalf of plaintiff. Defendant filed a |2motion to dismiss the suit as abandoned, together with a supporting affidavit and memorandum, urging that no step in the prosecution or defense of the action had occurred after September 11, 2009, except for the service of discovery on defendant’s attorney on September 4, 2012, by D.W. Thomas, the president/owner of plaintiff, D.W. Thomas & Sons, Inc. According to defendant, service of the discovery requests did not interrupt the running of the three-year abandonment period since Mr. Thomas, a non-attorney, had not gotten the court’s permission to act as plaintiffs representative. Thus, the service of discovery by Mr. Thomas, who was not a party to the action, had no effect on the tolling of abandonment. Plaintiff, with a new attorney, opposed the motion, and a hearing was held by the trial court on February 29, 2016. The trial court found that the matter was abandoned and entered a judgment of dismissal. It is from this judgment that plaintiff has appealed.
Discussion
Plaintiff asserts that the trial court erred in failing to find that the service of discovery on defense counsel by D.W. Thomas, plaintiffs sole shareholder, owner and president, on behalf of the corporate plaintiff, was sufficient to interrupt the abandonment period. According to plaintiff, this act clearly evidenced its intent not to abandon its suit against defendant.
On the other hand, defendant urges that the trial court correctly found that the discovery served upon defense counsel on September 4, 2012, by Mr. Thomas, a non-party and non-attorney, did not serve to interrupt the abandonment period as Mr. Thomas lacked the authority to seek discovery.
There are three requirements imposed by La. C.C.P. art. 561 to avoid abandonment: (1) a party must take some “step” in the prosecution or |adefense of the action; (2) the step must be taken in the proceeding, and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Louisiana DOTD v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La. 12/06/11), 79 So.3d 978; Clark v. State Farm Mutual Automobile Ins. Co., 00-3010 (La. 05/15/01), 785 So.2d 779; Hudson v. Town & Country Nursing Center, L.L.C., 49,581 (La.App. 2 Cir. 03/04/15), 162 So.3d 632.
Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose the same by some technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Id.
Whether a particular act, if proven, precludes abandonment is a question of law that is reviewed on appeal by determining whether the trial court’s decision is legally correct. Hudson, supra; Wolf Plumbing, Inc. v. Matthews, 47,822 (La. App. 2 Cir. 09/25/13), 124 So.3d 494, writs denied, 13-2510, 13-2516 (La. 01/17/14), 130 So.3d 94, 950; Brown v. Kidney & Hypertension Associates, L.L.P., 08-0919 (La.App. 1 Cir. 01/12/09), 5 So.3d 258.
The trial court observed the following at the December 29, 2015, hearing on defen *828 dant’s motion to dismiss plaintiffs action as abandoned:
Defendant contends that ... the last formal step in the prosecution of this action [occurred on September 11, 2009, when plaintiff, through counsel, served a second set of interrogatories and request for production of documents on the defendant]. Plaintiffs counsel ... | ¿Sled a motion to withdraw on October the 26th, 2009 [which was allowed by the trial court following a hearing on March 30, 2010]. According to an affidavit from the defense attorney, Mr. Hayes, that accompanies the present motion, on September the 4th, 2012, a person known to him as D.W. Thomas, III, came, to his office and delivered written discovery. The discovery was signed by Mr. Thomas himself, purportedly acting on behalf of the plaintiff corporation as ... its president. Mr. Thomas is not an attorney. Mr. Hayes heard nothing further from Mr. Thomas until he received a letter from Mr. Huckabay on September the 3rd, 2015, stating he intended to file a motion to enroll as counsel of record for plaintiff and attempting to serve another set of written discovery upon the defendant. ... [Defendant contends that [t]he attempted discovery by Mr. Thomas in September of 2012 did not constitute a step in the prosecution of the case [which was therefore abandoned] as of September the 11th of 2012.... It’s well established that a motion to withdraw, enroll or substitute counsel is not considered a formal step in the prosecution [of an action] as contemplated by article 561. Accordingly, Mr. Baldwin’s motion to withdraw, filed [in] October of 2009, and the subsequent hearing on that motion did not constitute steps in the prosecution. As for the attempted discovery by Mr. Thomas in September 2012, defendant has argued and the court agrees that did not constitute a step in the prosecution. ... Mr. Thomas lacked the authority to propound the attempted discovery on plaintiffs behalf and it could not be considered a valid step in the prosecution of plaintiffs claims.
As set forth above, La. C.C.P. art. 561(B) provides that any formal discovery as authorized by this Code and served on all parties whether or not filed of record ... shall be deemed to be a step in the prosecution or defense of an action. (Emphasis added). The Code of Civil Procedure’s provisions authorizing discovery are found in La. C.C.P. arts. 1420-1475. Code of Civil Procedure art. 1420(A) provides in part that every discovery request, response or objection made by a party represented by counsel must be signed by at least one attorney of record, and that a party not repi-esented by an attorney must sign the request, response or objection. (Emphasis added).[2]
^Louisiana Civil Code art. 24 provides in part that a juridical person is an entity to which the law attributes personality, such as a corporation or a partnership, and the personality of a juridical person is distinct from that of its members. An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. A domestic corporation (with some limitations, none of which are applicable in the instant case) has the procedural capacity to sue to enforce its rights in the corporate or company name. La. C.C.P. art. 690.
Corporate entities must be represented by counsel. See, Deal v. Lexing- *829 Powell, 36-168 (La.App. 2 Cir. 08/16/02), 824 So.2d 541; Bankston v. Tasch, L.L.C., 09-1573 (La. App. 4th Cir. 06/02/10), 40 So.3d 495. As noted by the court in St. Raymond v. City of New Orleans, 99-2438 (La. App. 4th Cir. 08/02/00), 775 So.2d 31, even where a limited liability company has a sole shareholder, it is an entity separate and distinct from that shareholder in terms of procedural capacity.
D.W. Thomas, a non-attorney, cannot act in a representative capacity for plaintiff in connection with the instant litigation, notwithstanding his status as owner, investor and president of the corporation. See, La. R.S. 37:212 and 213; Bankston, supra; Sadler v. Midboe, 97-2120 (La.App. 1 Cir. 12/28/98), 723 So.2d 1076. Therefore, because the discovery of September 11, 2012, was not signed by an attorney of record on behalf of plaintiff, the interrogatories and request for production of documents prepared and served by D.W. Thomas upon defense counsel did not constitute a step in the prosecution of the action such that the three-year abandonment period set forth in La. C.C.P. art. 561 was interrupted. See, Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5th Cir. 02/21/13), 110 So.3d 1127; Nwokedi v. Transit Mgmt. of Southeast La., Inc., 12-0150 (La. App. 4th Cir. 05/23/12), 2012 WL 4044906; Williamson v. Berger, 05-83 (La.App. 3 Cir. 06/08/05), 908 So.2d 35; Stillman v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 07-2107 (La.App. 1 Cir. 06/06/08), 992 So.2d 523.
Conclusion
For the reasons set forth above, the trial court’s judgment is AFFIRMED. Costs are assessed to plaintiff, D.W. Thomas and Sons, Inc.

. Although Rice Gregory was initially named as defendant, Diamond Mobile Home Park, L.L.C., was substituted as the proper party defendant by a supplemental and amending petition filed by plaintiff on October 31, 2005.

. See also La. C.C.P. art. 863(A), which provides that every pleading of a party represented by an attorney shall be signed by at least one attorney of record, and a party not represented by an attorney shall sign his pleading.