# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 23-563


**HUBERT ARVIE**

**VERSUS**

**DARRYL WASHINGTON, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2023-0222
HONORABLE CLAYTON A. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**WILBUR L. STILES**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**AFFIRMED.**

**Hubert Arvie**
**In Proper Person**
**1901 Knapp Street**
**Lake Charles, LA 70601**
**(337) 244-6776**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hubert Arvie**

**Richard E. Wilson**
**Cox, Cox, Filo, Camel, Wilson & Brown**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Michael K. Cox**
    **Richard Wilson**
    **Somer G. Brown**
    **Darryl Washington**
    **Lankton Doucet**

**Tara E. Clement**
**Robert I. Siegel**
**John E.W. Baay, II**
**Geiger, Laborde & Laperouse, L.L.C.**
**701 Poydras Street, Suite 4800**
**New Orleans, LA 70139**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Wilshire Insurance Company**

**Patrick O. Weilbaecher**
**Chopin Law Firm, LLC**
**650 Poydras Street, Suite 1550**
**New Orleans, LA 70130**
**(504) 475-2429**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Wilshire Insurance Company**

**STILES, Judge.**

Plaintiff/Appellant Hubert Arvie, a pro se litigant, filed suit against various members of the Cathedral of Faith Missionary Baptist Church, their attorneys, and the Church's property insurer, Wilshire Insurance Company, for allegedly settling a lawsuit in bad faith. That lawsuit involved property damages sustained by the Church as a result of Hurricanes Laura and Delta. A hearing was held on May 25, 2023, on the Cox Defendants' motion to disqualify Mr. Arvie as counsel for the Church, motion to strike Mr. Arvie's discovery requests, and motion for sanctions. The trial court granted the motions to disqualify and to strike, while the matter of sanctions was taken under advisement. A judgment was signed on June 2, 2023. The trial court further stated at the May 25 hearing that it would consider the Defendants' peremptory exceptions of no right of action and no cause of action on the pleadings already submitted without holding a hearing. Judgment was rendered on May 30, 2023, granting the peremptory exceptions of no right of action and no cause of action filed on behalf of all the Defendants, denying Mr. Arvie's motion for leave to file amended petitions, denying Mr. Arvie's claims, and dismissing the matter of sanctions against Mr. Arvie. Mr. Arvie has appealed. For the reasons set forth below, we affirm the judgments of the trial court in their entirety.

## FACTS AND PROCEDURAL HISTORY

The Cathedral of Faith Missionary Baptist Church (the Church) is a nonprofit religious corporation organized under Louisiana law for nonprofit corporations. Hearnest Arvie—Mr. Arvie's father—founded the Church in 1977 and became its first pastor. Hearnest died in 2010. In August 2013, Arthur Cullivan was elected pastor.

In 2020, the Church's property was damaged by Hurricanes Laura and Delta. Wilshire Insurance Company (Wilshire) insured the Church's property at the time of the hurricanes. Pastor Cullivan was unhappy with the amount of money offered by Wilshire for repairs to the Church's property and discussed the matter with Mr. Arvie, who suggested they meet with Michael K. Cox, an attorney. Pastor Cullivan met with Mr. Cox and, on behalf of the Church, signed a contract with the law firm Cox, Cox, Filo, Camel, Wilson & Brown, LLC (the Cox Firm), hiring Mr. Cox, Richard Wilson, and Somer G. Brown (the Cox Defendants) to bring a lawsuit against Wilshire—the Hurricane Litigation. Pastor Cullivan died while the lawsuit was pending. On August 28, 2022, the Church and Wilshire reached an agreement to resolve the Hurricane Litigation. Darryl Washington, as the Church's Vice President, and the Church's deacons instructed the Cox Defendants, the Church's counsel of record, to settle the lawsuit.

While Mr. Arvie had participated in the Hurricane Litigation, he was not consulted about the settlement, which upset him, causing him to file, pro se, on January 17, 2023, a Petition for Damages, Temporary Restraining Order, Preliminary Injunction, Permanent Injunctions, and/or Declaratory Judgment seeking to undo the settlement, prohibit Church officials from committing certain acts associated with the Church, and suing the Church Board for damages. Mr. Washington and Lankton Doucet, a deacon of the Church, were named as defendants (the Church Defendants). Mr. Arvie claimed that the settlement of the Hurricane Litigation was not in the Church's best interest and that the Church Board had prevented Mr. Arvie from calling a special meeting designed to obtain the unanimous consent of the Church's membership on whether to accept the settlement.

Mr. Arvie's case was allotted to Judge Clayton Davis of the Fourteenth Judicial District Court, prompting Mr. Arvie to file on February 7, 2023, a Motion for Recusal of Assignee Judge. The motion asserted two grounds for the recusal of Judge Davis: (1) when Judge Davis ran for a seat on the Third Circuit Court of Appeal in 2022, Mr. Cox spearheaded his campaign and, along with the Cox Firm, contributed a substantial amount of money to Judge Davis's campaign; and (2) Judge Davis engaged in acts or omissions with other attorneys to prevent Mr. Arvie from successfully prosecuting another civil case, *Hubert Arvie v. Geico Casualty Company*, Calcasieu Parish, Fourteenth Judicial District Court, docket number 2021-3843 (the *Geico* case).

On February 13, 2023, Judge Davis issued an Order Denying Motion to Recuse, finding that Mr. Arvie's motion "does not set forth any of the grounds for recusal under [La.Code Civ.P. art.] 151. Accordingly, the Motion to Recuse is DENIED."[1] In response thereto, Mr. Arvie filed on February 23, 2023, a Notice of

---

[1] Louisiana Code of Civil Procedure Article 151 provides the following:

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is a witness in the cause.

(2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause.

(3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.

(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

Applying for Supervisory Writs of Review. The trial court ordered that Mr. Arvie's application for supervisory writs be filed with the Third Circuit Court of Appeal on or before April 14, 2023. However, there is no indication that Mr. Arvie filed any such application for supervisory writ of review.

In the meantime, Mr. Arvie filed on February 22, 2023, a Supplemental and Amended Petition for Damages, Injunctive Relief, and Declaratory Judgment, adding as defendants the Cox Defendants and Wilshire, claiming that they knowingly settled the Hurricane Litigation in bad faith, and, thus, the final settlement was unenforceable because there was no meeting of the minds. Mr. Arvie again sought damages.

The Cox Defendants, the Church Defendants, and Wilshire all filed peremptory exceptions of no right of action and no cause of action in response to the original petition and supplemental and amended petition. A hearing was scheduled for May 30, 2023, for the peremptory exceptions.

After the peremptory exceptions were filed, Mr. Arvie filed on March 20, 2023, a Second Amended Petition Seeking Damages, Declaratory Judgment, Injunctive Relief, Writ of Quo Warranto, and Mandamus, and, on April 28, 2023, a Third Amended Petition for Damages, Writ of Quo Warranto, Writ of Mandamus, Declaratory Judgment, and Injunctive Relief. The trial court deferred the decision on whether to allow these amendments of Mr. Arvie's pleadings pending

---

C. In any cause in which the state or a political subdivision thereof is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, is not a ground for recusal. In any cause in which a religious body or religious corporation is interested, the fact that the judge is a member of the religious body or religious corporation is not alone a ground for recusal.

consideration of the previously filed peremptory exceptions, set for hearing on May 30, 2023.

On May 5, 2023, the Cox Defendants filed a Motion to Disqualify Hubert Arvie as Counsel for Cathedral of Faith Missionary Baptist Church. They based their motion on the premise that the claims asserted by Mr. Arvie were in fact derivative claims filed on behalf of the Church, as Mr. Arvie was seeking to undo a settlement entered into by the Church and to compel other Church/corporate activities. The Cox Defendants argued that such claims belonged to the Church and not to Mr. Arvie personally. Thus, Mr. Arvie could not represent the interests of the Church in this current lawsuit because, as a corporation, the Church can only be represented by a licensed attorney. Since Mr. Arvie is not a licensed attorney, the Cox Defendants argued that he must be disqualified from representing the Church in this lawsuit.

The Cox Defendants also filed on May 5, 2023, a Motion to Strike and Sanctions based on discovery requests it had received from Mr. Arvie seeking the Cox Firm's file on the Hurricane Litigation. For the same reasons given in the motion to disqualify, the Cox Defendants argued that this was a derivative suit and, as such, Mr. Arvie was requesting discovery on behalf of another entity, the Church. According to the Cox Defendants, such an act by Mr. Arvie constituted the unauthorized practice of law by an unlicensed attorney.

A hearing for the motion to disqualify and the motion to strike and for sanctions was held on May 25, 2023. After hearing arguments from Mr. Arvie, the Cox Defendants, and Wilshire, the trial court granted the motion to disqualify, the motion to strike, and the request for sanctions, finding that Mr. Arvie's action was based on derivative claims belonging to the Church. It then decided that since Mr. Arvie could not represent the Church in this lawsuit, there was no need to hold the

May 30 hearing on the peremptory exceptions as Mr. Arvie would not be allowed to participate as an unlicensed attorney. Instead, the trial court would consider the peremptory exceptions based on what had previously been submitted by the parties. A judgment was signed on June 2, 2023, granting the motion to disqualify, granting the motion to strike and for sanctions, and taking the matter of sanctions under advisement.

On May 30, 2023, the trial court rendered the following judgment after considering the Defendants' peremptory exceptions of no right of action and no cause of action:

> This ill-fated lawsuit comes to its deserved end following the hearing on May 25, 2023 and the Court's ruling today on the various exceptions filed by Defendants. Plaintiff, Hubert Arvie, does not have an individual claim for relief. He instead assumes a right to act on behalf of his church to "rectify" the church's hurricane insurance claim, which claim has long since resolved.
>
> The peremptory exceptions of no right and no cause of action filed by all defendants are **GRANTED**.
>
> The Plaintiff's motions for leave to amend and supplement the petition are **DENIED**.
>
> Plaintiff's claims are **DENIED**. Sanctions against Plaintiff are dismissed.
>
> All costs are assessed against the Plaintiff.

Mr. Arvie appealed, asserting six assignments of error in his original appellant brief and a seventh assignment of error in his supplemental appellant brief.

Once his appeal was filed with this court, Mr. Arvie filed a Motion for Recusal of Third Circuit, alleging that, per La.Code Civ.P. art. 151(B), the entire court was biased against him due to the actions and inactions of multiple judges of this court, referencing both retired judges and current judges. Mr. Arvie asked the entire Third

6

Circuit to recuse itself or have the Louisiana Supreme Court appoint an ad hoc judge to conduct a hearing on the motion to recuse.

This court issued an Order dated October 9, 2023, and signed by all judges of the Third Circuit, denying Mr. Arvie's motion to recuse "as he fails to set forth any grounds for recusal of any judge of this Third Circuit Court of Appeal." Written Reasons for Denial of Motion for Recusal were attached to the Order. The Supreme Court denied Mr. Arvie's application for supervisory writ on January 17, 2024. *See Arvie v. Washington*, 23-1482 (La. 1/17/24), 377 So.3d 240.

On December 19, 2023, Mr. Arvie filed a Motion-2 For Recusal, again asking all the judges of this court to recuse themselves. This second motion to recuse was denied by this court on January 12, 2024.

On March 8, 2023, Mr. Arvie filed a Motion-3 For Recusal, seeming to seek recusal of the panel assigned to hear his case on this appeal. In a per curiam opinion dated April 8, 2024, this panel denied the motion to recuse, finding that Mr. Arvie's motion failed to set forth any ground for recusal under La.Code Civ.P. art. 151.

We will now address Mr. Arvie's appeal.

## ASSIGNMENTS OF ERROR

Mr. Arvie asserts the following assignments of error (citations omitted) in his appeal of the trial court's judgments:

1. The trial court erred under the governing federal and state law by failing to recuse where the factual basis for recusal motion set forth allegations depicting there exist [sic] a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

2. The trial court erred under federal constitution and state law by granting a judgment on evidence not properly offered, introduced, and admitted into evidence to support the factual findings underlying the final decree.

3. The trial court erred by granting the motion to disqualify the proponent pro se from proceeding with the suit where the third amended petition superseding the previously filed petitions reflect [sic] that the proponent did not file a derivative action against a registered Non-profit Corporation seeking to enjoin the invalidity of an act the corporation was without capacity or power to perform without an affirmative vote of the members.

4. The trial court erred under federal and state law by preventing the proponent pro se from proceeding with the third amended petition superseding the previously filed petitions where the factual basis for the civil action alleged usurpation of office by members of a Louisiana Non-profit Corporation who were not elected by corporate resolution evincing the unanimous consent by the affirmative vote of the members.

5. The trial court erred under federal and state law by preventing the proponent pro se from proceeding with the amended petition superseding the previously filed petitions where the civil action alleged that members who usurped the offices of a Louisiana Nonprofit [sic] Corporation have refused a voting member of the right to examine corporate records.

6. The trial court erred by finding the third amended petition does not state a cause or right of action where the petition alleges fraud, conspiracy, defamation, and denial of access to court.

7. The trial court abused its discretion by finalizing the proceedings without providing a registered Louisiana Nonprofit [sic] Corporation a window of opportunity to hire a lawyer to represent the interest of the corporation who was named a plaintiff-proponent by a single member of the corporation who timely filed a civil action against the corporation by reason of the fact that several members performed acts on behalf of the corporation who were not elected by majority vote to perform the acts.

**DISCUSSION**

*Assignment of Error Number One*

In his first assignment of error, Mr. Arvie asserts that the trial judge allotted to this case erred in denying the motion to recuse himself "as there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of this cause in a fair and impartial manner." *See* La.Code Civ.P. art 151(B).

8

Mr. Arvie has asserted two separate grounds in both his original motion to recuse and this appeal as support for why he believes Judge Davis should have been recused as the trial judge in this civil action. He alleged that (1) when Judge Davis ran for a seat on the Third Circuit Court of Appeal in 2022, Mr. Cox spearheaded his campaign and, along with the Cox Firm, contributed a substantial amount of money to Judge Davis's campaign; and (2) Judge Davis engaged in acts or omissions with other attorneys to prevent Mr. Arvie from successfully prosecuting another civil case before him, the *Geico* case.

Mr. Arvie first argues in his appellant brief that his motion to recuse Judge Davis was based on the relationship between Judge Davis and Mr. Cox. Mr. Cox represented the Church in the Hurricane Litigation and has been named as a defendant by Mr. Arvie in this matter currently before us. In 2022, Judge Davis ran for a seat on the Third Circuit Court of Appeal. According to Mr. Arvie, Mr. Cox spearheaded Judge Davis's campaign and contributed large amounts of money to the campaign, along with the Cox Firm. Mr. Arvie further claims that Judge Davis removed a video from his Facebook page that contained statements supposedly made by Mr. Cox in support of Judge Davis's campaign which "strengthened the factual basis for the motion."

In support of this claim, Mr. Arvie cites *Anderson v. Dean*, 22-233, p. 18 (La.App. 5 Cir. 7/25/22), 346 So.3d 356, 369, in which the court addressed La.Code Civ.P. art. 151(B):

> Whether the requirements of this new ground for recusal in Paragraph B are met will necessarily vary to some degree depending on the facts and circumstances of each case: the conduct complained of and the relationships and interests involved. In determining whether a recusal is necessary under Paragraph B, a judge's decision should be guided by the twin imperative duties of a judge: to try the case fairly

9

and impartially on the one hand, and on the other to promote public confidence in the integrity and impartiality of the judiciary.

In response to Mr. Arvie's claim that Judge Davis should have recused himself due to the Cox Firm's contributions to his campaign, the Cox Defendants assert that this same issue was previously raised and dismissed in *Guillory v. Louisiana Farm Bureau Casualty Insurance Co.*, 22-634 (La.App. 3 Cir. 10/4/23), 371 So.3d 1202, *writ denied*, 23-1453 (La. 1/10/24), 376 So.3d 848. *Guillory* involved an insurance case in front of Judge Davis in which the plaintiffs were represented by the Cox Firm. The defendant, Farm Bureau, moved to recuse Judge Davis on the grounds that his receipt of campaign contributions biased Judge Davis in favor of Mr. Cox and his clients. This motion to recuse was dismissed by both the trial court and a panel of this court. We note, however, that neither the trial court nor this court reached the issue of campaign contributions when considering the motion to recuse Judge Davis in *Guillory* because the motion was dismissed on the basis that it was untimely filed.

Both Mr. Arvie and the Cox Defendants cite *Daurbigney v. Liberty Personal Insurance Co.*, 18-929 (La.App. 3 Cir. 5/9/19), 272 So.3d 69 (per curiam). In *Daurbigney*, the plaintiff's attorneys filed a motion to recuse, accusing the trial judge of being biased against them because she had specifically targeted their law firm in an attack ad run in the local media against her opponent in the race for Louisiana Supreme Court. This court noted in its opinion that an objective standard must be applied when considering a motion to recuse, specifically, "whether objectively speaking, considering all the circumstances alleged, 'the risk of bias was too high to be constitutionally tolerable.'" *Id.* at 74 (quoting *Rippo v. Baker*, 580 U.S. 285, 137 S.Ct. 905, 907, (2017)). Noting that the circumstances in *Daurbigney* were unique,

this court reversed the ruling of the trial court and ordered the recusal of the trial judge.

> Looking at this case objectively, given the optics, the tone, timing and wording of the ad, it is implausible that this client, or any reasonable client under the circumstances, could have trust and confidence in the impartiality of the trial judge when the sitting trial judge hearing her case has published such an ad directly naming and attacking her attorneys.

*Id.* at 77.

The United States Supreme Court addressed the issue of campaign contributions in *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 129 S.Ct. 2252 (2009), which has also been cited by both Mr. Arvie and the Cox Defendants in their briefs. The court made it clear in *Caperton* that a court must consider the specific circumstances presented by the case. In *Caperton*, A.T. Massey Coal Co., Inc. was found liable by a West Virginia jury and ordered to pay the plaintiffs $50 million in compensatory and punitive damages. After the verdict and while an appeal was pending, the CEO of A.T. Massey Coal Co., Inc., Mr. Blankenship, donated $3 million to the campaign of Judge Benjamin, who was running for a seat on the West Virginia Supreme Court. Judge Benjamin was elected to the supreme court and was sitting on the bench as a justice when the *Caperton* case came before the supreme court on appeal. Caperton moved to disqualify Justice Benjamin from hearing the appeal, arguing that Mr. Blankenship's contributions to his campaign created a conflict. The motion was denied. The West Virginia Supreme Court went on to hear the appeal in *Caperton* and reversed the jury's finding of liability, with Justice Benjamin writing a concurring opinion.

The Supreme Court found that Justice Benjamin should have recused himself as a matter of due process, noting, "Not every campaign contribution by a litigant or

11

attorney creates a probability of bias that requires a judge's recusal, but this is an exceptional case." *Caperton*, 556 U.S. at 884.

> We conclude that there is a serious risk of actual bias—based on objective and reasonable perceptions—when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent. The inquiry centers on the contribution's relative size in comparison to the total amount of money contributed to the campaign, the total amount spent in the election, and the apparent effect such contribution had on the outcome of the election.

*Id.* at 884. The court further noted that "[t]he temporal relationship between the campaign contributions, the justice's election, and the pendency of the case is also critical." *Id.* at 886.

We find that the facts and circumstances of this case are distinguishable from those in *Daurbigney* and *Caperton*.

As noted by the Cox Defendants in their appellee brief, the facts of *Daurbigney* are extraordinary, as the trial judge in that case specifically attacked a party's attorney in a public ad. There was no such attack on Mr. Arvie.

In *Caperton*, the contributions made to Justice Benjamin's campaign not only exceeded by 300% the total amount spent by Justice Benjamin's campaign committee but were donated while the *Caperton* appeal was pending, resulting in Justice Benjamin being seated on the court set to hear the appeal. As noted by this court in *Guillory*, Mr. Cox and the Cox Firm donated money to Judge Davis's campaign on November 9, 2021, with their donation amounting to 72.73% of the total contributions to Judge Davis's campaign. While the amount donated was a substantial amount, it does not compare to the enormous amount donated to the judge's campaign in *Caperton*. Furthermore, the election for which Judge Davis was campaigning was for a seat on the Third Circuit Court of Appeal. Judge Davis lost

that election in November of 2022. The contributions to his campaign by Mr. Cox and the Cox Firm were not made for Judge Davis's campaign for his seat in the Fourteenth Judicial District Court. Thus, their donation had nothing to do with Judge Davis's allotment to this case. In addition, Mr. Arvie's case was not pending at the time the contributions were made or at the time of the election, as he filed his original petition on January 17, 2023.

We look next to Mr. Arvie's allegation that Judge Davis engaged in acts or omissions with other attorneys to prevent Mr. Arvie from successfully prosecuting a previous case allotted to him, the *Geico* case. In his appellant brief, Mr. Arvie recites the allegations contained in his third amended petition detailing Judge Davis's alleged violation of Mr. Arvie's rights in the *Geico* case. We will not, however, consider the allegations contained in the third amended petition since the trial court denied Mr. Arvie leave to file that amended petition in its May 30, 2023 judgment. *See* La.Code Civ.P. art. 1151. While Mr. Arvie did raise this argument in his motion for recusal filed in the trial court, he did not assert any supporting facts or evidence, only conclusory allegations. "Adverse rulings alone do not show bias or prejudice." *David v. David*, 14-999, p. 5 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, 1168 (citing *Earles v. Ahlstedt*, 591 So.2d 741 (La.App. 1 Cir. 1991), *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968. *See also Rodock v. Pommier*, 16-809 (La.App. 3 Cir. 2/1/17), 225 So.3d 512, *writ denied*, 17-631 (La. 5/1/17), 221 So.3d 70. Thus, by itself, an adverse ruling by a trial judge does not warrant recusal of that judge. *Id.*

The applicable standard of review of a denial of a motion to recuse is one for abuse of discretion. *Menard v. Menard*, 19-580, 19-581 (La.App. 3 Cir. 3/11/20), 297 So.3d 82. After a review of the facts and circumstances of this case, we find that Judge Davis did not abuse his discretion in denying Mr. Arvie's motion to recuse.

13

There is nothing in the record to indicate that "the 'probability of actual bias rises to a level that is too high to be constitutionally tolerable under the circumstances'[.]" *Id.* at 95 (citing *Daurbigney*, 272 So.3d 69). We therefore find that this assignment of error is without merit.

### *Assignment of Error Number Two*

In his second assignment of error, Mr. Arvie asserts that the trial court erred in granting a judgment on evidence not properly offered, introduced, and admitted into evidence to support the factual findings underlying the final decree.

Although not specified in his delineation of the assignments of error, Mr. Arvie's argument under this assignment of error refers to (a) the Cox Defendants' motion to disqualify Mr. Arvie as the Church's counsel, (b) the May 25, 2023 hearing on that motion, and (c) the June 2, 2023 judgment granting the motion to disqualify. He claims, "In formulating the judgment, it depicts [Judge Davis] relied on exhibits attached to the motion to disqualify." Mr. Arvie then discusses the copy of the Church's Charter which the Cox Defendants had copied from the Secretary of State's website and attached to their motion to disqualify.

We note that while this copy of the Charter was attached to the motion to disqualify, and therefore filed in the record, a review of the May 25, 2023 transcript shows that neither side presented nor discussed the copy of the Charter at the hearing on the motion to disqualify. Nor did Judge Davis state at any time during the hearing or in his written judgment filed in the record that he was granting the motion to disqualify based on the information contained in the copy of the Charter. The June 2, 2023 judgment does state that the court considered "the briefs, the argument of counsel and Mr. Arvie, and the law and evidence[.]" However, while the judgment references "evidence," it does not indicate what evidence was considered. Thus, after

14

a review of the record, there is nothing to indicate that the trial court based its decision to grant the motion to disqualify on the copy of the Charter attached to the motion.

Mr. Arvie further argues that he "was not permitted to present relevant evidence on the issue of usurpation." We find that this argument fails for two reasons. First, there is nothing in the transcript of the hearing indicating that Mr. Arvie ever attempted to introduce any evidence at the hearing, much less that there was any evidence the trial court refused to allow him to present. Nor did Mr. Arvie complain at the hearing that he was not being permitted to present relevant evidence.

The second reason this argument fails is that, according to the statements in his appellant brief, Mr. Arvie wanted to introduce evidence on the issue of usurpation. When Mr. Arvie started arguing at the May 25 hearing that there were "usurpers in the church[,]" the trial court stated that "these are all in the merits of it, sir, and that's. . . . We're not there." The issue of an alleged usurpation of the power of the Church, which allegedly resulted in the settlement of the Hurricane Litigation, was at the center of the claims alleged in Mr. Arvie's petitions. It was not an issue being considered in relation to the motion to disqualify. Thus, even if Mr. Arvie had attempted to introduce evidence of an alleged usurpation at the hearing, which he did not, it would not have been relevant to the issue before the trial court at that time, which was limited to whether Mr. Arvie would be allowed to represent the Church's interests in this lawsuit as an unlicensed attorney.

For the reasons stated above, we find that this assignment of error has no merit.

*Assignment of Error Number Three*

Mr. Arvie asserts in his third assignment of error that the trial court erred by granting the motion to disqualify him from proceeding with this suit because the

third amended petition reflects that he "did not file a derivative action against a registered Non-profit Corporation seeking to enjoin the invalidity of an act the corporation was without capacity or power to perform without an affirmative vote of the members."

Mr. Arvie has acknowledged in his original petition and supplemental and amended petition that the Church is a nonprofit religious corporation registered with the Louisiana Secretary of State pursuant to a Charter. The Cox Defendants argued in their motion to disqualify that although Mr. Arvie had filed suit in his own name, he was suing to enforce the rights of the Church to set aside the settlement that the Church deacons had authorized and to force the Church to conduct certain corporate activities, such as forcing meetings and elections. None of these remedies are personal rights; they are all rights of the corporation which Mr. Arvie seeks to enforce. The Cox Defendants also note that Mr. Arvie has no interest in the Hurricane Litigation settlement funds, as those belong solely to the corporation, which was the named insured in the Wilshire insurance policy.

"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." La.Code Civ.P. art. 681. Mr. Arvie did not have a real and actual interest in the remedies being sought in his lawsuit. Thus, he was acting in a "representative capacity" as an advocate for the Church. "Corporate entities must be represented by counsel." *D.W. Thomas & Son, Inc. v. Gregory*, 50,878, p. 5 (La.App. 2 Cir. 11/23/16), 210 So.3d 825, 828. It follows, therefore, that a non-attorney cannot act in a representative capacity for a

16

corporation, such as the Church. Furthermore, only a person admitted to the practice of law can represent another person in a judicial proceeding. La.R.S. 37:212(A)(1).[2]

The trial court granted the motion to disqualify, finding that since Mr. Arvie did not have an individual claim for relief and was instead assuming a right to act on behalf of the Church, he could not represent the Church's interests as an unlicensed attorney.

Mr. Arvie now argues that he never intended to file a derivative action, and that the allegations contained in his third amended petition reflect that he filed a civil action in a pro se capacity against a Louisiana nonprofit corporation to enjoin the acts of that corporation, which it was without the capacity or authority to perform. He cites La.R.S. 12:208 in support of this argument, which is the defense of ultra vires. That defense was first raised in his second and third amended petitions and does not appear in his original petition or supplemental and amended petition.

Louisiana Code of Civil Procedure Article 1151 allows for the amendment of pleadings, providing in pertinent part (emphasis added):

> A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 and 934. A defendant may amend his answer without leave of court at any time within ten days after it has been served. ***Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party***.

Mr. Arvie was not granted leave to file his second and third amended petitions. That decision was deferred pending a ruling on the Defendants' exceptions. Once the trial

---

[2] Louisiana Revised Statutes 37:212(A)(1) provides, "The practice of law means and includes: (1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings, or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state[.]"

court granted the exceptions, it denied Mr. Arvie's motions for leave to amend the petition in the May 30, 2023 Omnibus Order.

"An amended petition filed without leave of court, when such permission is required, may not be considered, is totally without effect, and is deemed to not have been filed at all." *Whitney Bank v. Rayford*, 21-407, p. 3 (La.App. 1 Cir. 4/5/22), 341 So.3d 741, 745 (citing *Aymond v. Citizens Progressive Bank*, 52,623 (La.App. 2 Cir. 6/26/19), 277 So.3d 477, *writ denied*, 19-1200 (La. 10/15/19), 280 So.3d 602). *See also Gaspard v. Safeway Ins. Co.*, 15-1197 (La.App. 1 Cir. 8/31/16), 202 So.3d 1128. Any claims raised by Mr. Arvie in his second and third amended petitions cannot be considered as the trial court denied leave to file those amended petitions. Thus, since Mr. Arvie's ultra vires defense was only alleged in his second and third amended petitions, it was not considered by the trial court and shall not be considered by this court.

Mr. Arvie cannot now argue that, based on the claims asserted in his third amended petition, the trial court erred in granting the motion to disqualify. The third amended petition is of no effect and shall not be considered because the trial court did not grant leave to file it. This assignment of error is without merit.

***Assignment of Error Numbers Four and Five***

Both of these assignments of error assert that the trial court erred in preventing Mr. Arvie from proceeding with his third amended petition. We will, therefore, address them together.

Mr. Arvie asserts in his fourth assignment of error that the third amended petition laid out the factual basis for his civil action alleging usurpation of office by members of a Louisiana nonprofit corporation. The third amended petition sought a writ of quo warranto pursuant to La.Code Civ.P. art. 3901, which directs an

18

individual to show cause by what authority he claims to hold office, preventing the usurpation of office or powers. Mr. Arvie claims in his appellant brief that the Church Defendants hold office without having been elected by any corporate resolution of the members of the Church. Since the trial court did not consider the facts of the third amended petition, Mr. Arvie argues that it erred by basing its final judgment on an improper foundation, and that "[r]elevant evidence should be allowed to show the Charter is a byproduct of usurpation of office." Mr. Arvie does not give any indication of what "relevant evidence" he may be referring to.

Mr. Arvie next asserts in his fifth assignment of error that the third amended petition included a civil action alleging that members who usurped the offices of a Louisiana nonprofit corporation refused a voting member of the right to examine the Church's corporate records. He argues that, as a member of the corporation, the Church, he had a right to examine the records of the Church, citing La.R.S. 12:223. However, his requests to examine the Church records were refused by the "defendant usurpers (Doucet, Washington, Smith, and several others)." Mr. Arvie now argues that legal error has occurred because he has been denied "the opportunity to present relevant evidence on the subject prior to final adjudication."

"The decision to disallow an amendment to a petition after the answer is filed is within the sound discretion of the trial court, and that decision should not be disturbed absent an abuse of that discretion." *Khoobehi Properties, L.L.C. v. Baronne Development No. 2, L.L.C.*, 19-278, p. 15 (La.App. 5 Cir. 12/18/19), 288 So.3d 224, 234.

After reviewing Mr. Arvie's third amended petition, we note that any facts and allegations presented in that amended petition existed at the time he filed his original and supplemental petitions. Additionally, we do not find that anything

19

alleged in the third amended petition created an individual claim on behalf of Mr. Arvie. Even if Mr. Arvie had been allowed to examine the Church records and even if those records supported his allegations of usurpation of office by the Church Defendants, he still has not alleged any personal right of action in his favor, as an individual. "The right to amend does not extend to situations where it is apparent that the defect could not be corrected by amendment. Amendment is not permitted when it would be a vain and useless act, such as after the grant of a peremptory exception." *Bucks v. DirecTECH Southwest*, 52,474, p. 16 (La.App. 2 Cir. 2/27/19), 266 So.3d 467, 477 (citations omitted), *writ denied*, 19-701 (La. 9/16/19), 278 So.3d 970. We find that allowing Mr. Arvie to file the third amended petition would not have cured the deficiencies of the original petition and supplemental and amended petition. As such, the trial court did not abuse its discretion in denying Mr. Arvie leave to file his third amended petition. Assignments of error numbers four and five are without merit.

### *Assignment of Error Number Six*

Mr. Arvie asserts in his sixth assignment of error that the trial court erred by finding that the third amended petition does not state a cause of action or right of action where the petition alleges fraud, conspiracy, defamation, and denial of access to court.

As previously discussed under assignment of error number three, the trial court denied Mr. Arvie leave to file the third amended petition, a decision which we affirm. As such, the third amended petition was never considered, as it is totally without effect and deemed to not have been filed. *See Whitney Bank*, 341 So.3d 741. At the time the trial court considered Defendants' peremptory exceptions of no right of action and no cause of action, only the original petition and the supplemental and

20

amended petition had been filed in the record. Thus, the trial court only granted peremptory exceptions as to those petitions. It never reached the issue of whether the third amended petition stated a right of action or cause of action. Mr. Arvie cannot raise an issue on appeal which was never before the trial court.

This assignment of error is without merit.

***Assignment of Error Number Seven***

In his final assignment of error, Mr. Arvie asserts that the trial court abused its discretion by finalizing the proceedings without providing a registered Louisiana nonprofit corporation—the Church—a window of opportunity to hire a lawyer to represent the interests of the corporation. Mr. Arvie claims that the Church was named as a plaintiff by a member of the corporation—himself—who timely filed a civil action against the corporation alleging that several members performed acts on behalf of the corporation when they had not been elected to such a position by a majority vote.

In summary, since the trial court granted the Cox Defendants' motion to disqualify finding that Mr. Arvie could not represent the Church's civil action as an unlicensed attorney, Mr. Arvie now argues that the trial court should have given the Church additional time to hire an attorney to represent it in this matter before dismissing the entire lawsuit.

First, there is no indication from anyone associated with the Church, other than Mr. Arvie, either in the record or at the May 25, 2023 hearing, that the Church actually wants to pursue the claims raised by Mr. Arvie. Second, the right to hire an attorney to represent the Church in this lawsuit belongs to the Church, not to Mr. Arvie. Mr. Arvie is, therefore, not the proper person to bring this claim, especially since he has been disqualified from representing the Church's interests.

21

This claim is without merit.

## DECREE

For the foregoing reasons, the June 2, 2023 Judgment and the May 30, 2023 Omnibus Order Dismissing All Claims are affirmed. Costs of this proceeding are assessed to Plaintiff/Appellant Hubert Arvie.

**AFFIRMED.**